LEGGAT ET AL., APPELLANTS, *v.* CARROLL, RESPONDENT.

(No. 1,869.)

(Submitted April 22, 1904.  Decided May 16, 1904.)

*Water Rights—Ownership—Burden of Proof—Appurtenances —Evidence.*

1. Where plaintiffs, in an action to recover damages for the diversion of water adjacent to their mining claim, allege ownership of their right to use the water, the burden of proof is on them to show ownership, on denial of the allegation by defendant.

2. Mere proof of ownership of an interest in a placer mining claim is insufficient to show an ownership of the right to use the waters adjacent thereto.

3. No water right can become appurtenant to lands unless the ownership of the water right and the ownership of the lands was in the same person or persons.

4. In an action to recover damages for the diversion of water adjacent to plaintiffs' mining claim, testimony tending to show that the claim could not be worked as a placer mining claim successfully without sufficient volume of water to enable hydraulic mining to be done on it is immaterial, in the absence of proof of ownership by plaintiffs of the right to use the water.

5. Where plaintiffs, in an action to recover damages for the diversion of water adjacent to their mining claim, offered to show, by the person who obtained the patent from the government for the claim, that he described in his application, as one of the improvements entitling him to a patent, a ditch, which was the same as that in which the water involved in the action was located, to which objection was made and sustained, whereupon plaintiffs offered a certified copy of the patent, they thereby waived any error in the exclusion of the testimony.

6. Where plaintiffs, in an action to recover damages for the diversion of water adjacent to their placer mining claim, offered in evidence a certified copy of the application for a patent to the claim, which was excluded, the ruling of the court in excluding it cannot be considered on appeal in the absence of the application from the record.

7. The lease of a placer mining claim including the right to use thereon "the Mammoth ditch and water right, and all water and water rights heretofore used with or appurtenant to said premises," has no tendency to show that the Mammoth water right was appurtenant to the leased premises.

8. The testimony of a witness on a former trial is inadmissible in the absence of a showing that it was given in an action between the same parties relating to the same matter.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Ruth F. Leggat and others against Eugene Carroll, receiver of the Butte City Water Company.  From a judg-

ment for defendant, and from an order overruling their motion for a new trial, plaintiffs appeal. Affirmed.

*Mr. George A. Clark,* and *Messrs. Carpenter, Day & Carpenter,* for Appellants.

*Messrs. Forbis & Evans,* and *Mr. C. P. Drennan,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Plaintiffs appeal from a judgment of nonsuit entered against them, and from an order overruling their motion for a new trial.

The action was brought to recover damages against defendant for a diversion of water, and to procure an injuction against further diversion. Plaintiffs alleged ownership of the right to the use of one-eighth of the waters of Mammoth creek. This was denied by defendant. The burden of proof upon the issue thus raised was upon plaintiffs. Proof by them of their allegations in this regard was the initial step in the trial of the case. After hearing all of plaintiff's evidence, the court, on motion of defendant, granted judgment of nonsuit. If plaintiffs offered any evidence tending to prove their right to the use of the water as alleged, the nonsuit should not have been granted. If, on the other hand, no such testimony was offered by plaintiffs, they were not entitled to any relief, and no error was committed by the court in sustaining the motion for nonsuit.

Plaintiffs were the owners of an undivided one-eighth interest in the Highland placer claim, and insist that the waters of Mammoth creek were appurtenant to this placer claim, and that, therefore, they were entitled to the use of one-eighth of such waters. No allegation was made or proof offered of any conveyance or transfer of this water right to plaintiffs, or of any appropriation thereof by them personally, or of any such adverse user as would pass title to them by prescription.

The proofs disclose the following condition as to this water: In 1883 one R. D. Leggat located the Highland placer claim in behalf of himself and seven others, one of whom was plaintiff's predecessor in interest. Each of the locators was entitled to a one-eighth interest in the claim. A few days later the same R. D. Leggat initiated an appropriation of 1,500 inches of the waters of Mammoth creek in his own name, and afterwards completed the appropriation by diversion and use. R. D. Leggat, at the time of the initiation of this appropriation, was the owner of and entitled to one-eighth interest in the Highland placer claim. He also owned another patented placer claim, and was interested in still another, both of which were adjacent to the Highland placer claim. Soon thereafter he became interested in still other placer claims in this immediate vicinity.

The notice of appropriation reads that "the said waters are claimed and located for the purpose of carrying it in a ditch seven miles to Coolee dry gulch, a tributary of Highland gulch, Silver Bow county, Montana, and for the purpose of mining with." The proof discloses that a portion of Coolee dry gulch was included in the limits of the Highland placer claim, a portion within the limits of patented placer No. 38, in which Leggat was interested, and a portion entirely outside both of these claims.

Leggatt, the appropriator of the water, was called as a witness for plaintiffs, and testified, among other things, that he appropriated these waters individually and for his own use and benefit, and that in the year 1887 or 1888 he conveyed a certain interest therein to one White, who had paid him a portion of the money which he (Leggat) had expended in making the appropriation of the water; that none of the plaintiffs or their predecessor in interest paid any part of the cost of appropriation or diversion of the waters; that for several years after the appropriation he conducted the waters appropriated across the Highland placer claim and used them upon other claims; that none of the waters so appropriated were ever used by him or

with his consent upon the Coolee diggings. (However, as to this last fact, he was contradicted by other witnesses.) Proof was offered showing that, some time after the appropriation was complete, R. D. Leggat used this water for several years in mining upon the Highland placer claim; but, so far as disclosed by the record, neither of the plaintiffs nor their predecessor in interest had any share or interest in this use or in the mining, nor had they at the time of said use any knowledge thereof. R. D. Leggat was a co-tenant in this claim with the other owners thereof, and had a right to use his own water right in connection therewith, without endangering his right thereto.

Did any of this proof tend to show that the water right thus appropriated by R. D. Leggat was appurtenant to the Highland placer claim? This court has held for many years, by a uniform line of decisions, that a water right is appurtenant to the land upon which it is used. Whatever doubts may exist as to the correctness of this ruling, many conveyances have been made in reliance upon it, and it has therefore become a rule of property, and the doctrine of *stare decisis* must apply.

In order that anything should become appurtenant to land, such thing must be acquired by the owner of the land, or the person contesting such ownership must so have conducted himself in relation thereto as to be estopped from so contesting. No estoppel is pleaded in this case.

As above stated, no claim is made of any acquirement of title to the water right in question, but plaintiffs rest their entire case upon the proposition that, owning one-eighth of the placer claim, they own one-eighth of the water right as being appurtenant to said placer claim. There is an absolute want of proof in the record tending in any wise to support this claim.

The only other errors complained of, which it is necessary to take notice of, are alleged errors upon the introduction of testimony. It is alleged that the court erred in sustaining defendant's objection to the following question asked the witness John B. Leggat: "I will ask you if it is possible to work it as placer mining ground successfully without sufficient volume of water

to enable hydraulic mining to be done upon it?" This question was objected to as incompetent because the witness had not qualified himself, and also on the ground of immateriality. The evident purpose of the question was to show damages caused by the defendant's diversion of the waters of Mammoth gulch, as alleged in the first cause of action in the complaint. Before the testimony sought to be brought out by this question could at all become material, it was necessary for plaintiffs to show that they owned an interest in the right to the water of Mammoth gulch. As we have seen, they gave no testimony tending to show that condition; therefore the testimony thus offered was immaterial. The same remarks apply to errors Nos. 4 and 8.

Error No. 5 was waived. Witness R. D. Leggat was asked the following question: "I will ask you if you did not describe in that application for patent, as one of the improvements entitling you to a patent, a ditch, which was the same as the Mammoth ditch?" This was objected to on the ground that the application was the best evidence, whereupon counsel for plaintiffs made the following offer: "We now offer in evidence a certified copy, certified by the commissioner of the United States land office, of an application for patent signed and verified by Roderick D. Leggat, and dated the 6th day of January, 1885, in which he makes application for patent to the Highland placer." The offer was objected to, and the objection was sustained. By this offer to introduce the application referred to in the question first above specified, plaintiffs' counsel waived the right to insist that the overruling of that question was error. We cannot consider the ruling upon the offer of the application for patent, because the application offered is not contained in the record. (*Haupt* v. *Simington,* 27 Mont. 480, 71 Pac. 672, 94 Am. St. Rep. 839; *Tague* v. *John Caplice Co.,* 28 Mont. 51, 72 Pac. 297.)

The next error alleged is the action of the court in sustaining defendant's objection to the offer in evidence of a written lease, dated May 5, 1894, of the Highland placer and other property,

including the right to use the Mammoth ditch and water right, and all water and water rights heretofore used or appurtenant with said leased premises.

It will be noticed, from an examination of this lease, that several placer claims were leased by Rod. D. Leggat and wife, White and wife, Lettellier and wife, to one Petty. After describing the placer claims leased, the lease further provides: "It is also understood and agreed between the parties hereto that said second party shall have the right to use in his mining operations on said leased premises during the continuance of said lease, the Mammoth ditch and water right, and all water and water rights heretofore used with or appurtenant to said leased premises." We do not believe that the provision of this lease, above quoted, in any manner tended to show that the Mammoth water right was appurtenant to the Highland placer claim. The provision above quoted must be so construed as to refer to each of the placer claims mentioned in the lease. No water right could be appurtenant to all these placer claims unless the ownership of the water right and the ownership of the placer claims was in the same person or persons. The record discloses that the ownership of each of the placer claims was in different persons. So far as the language above quoted from the lease is concerned, it may have been intended by the owners of the Mammoth ditch and water right to lease it to the party of the second part as a separate and distinct property. It will be noticed that the language above quoted does not imply that the Mammoth ditch and water right are appurtenant to the leased premises. The language is, "The Mammoth ditch and water right, and all water and water rights heretofore used or appurtenant with said leased premises." We do not think, therefore, that any error was committed by the court in the exclusion of said lease from evidence.

Counsel undertook to introduce, by the testimony of the stenographer of the court, the testimony of witness Vilandry, given in an action brought by plaintiffs against the Butte City Water Company, the judgment roll of which was offered and

received in evidence in this hearing. This was objected to by the defendant as incompetent, immaterial and irrelevant, and that the action was not between the same parties as the parties to this suit, and did not relate to the same matter. There is no doubt but that the evidence was properly excluded, under the statutes of this state, and under the decision in *Reynolds v. Fitzpatrick,* 28 Mont. 170, 72 Pac. 510.

We find no error in the record, and advise that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.