FLORSHEIM & COMPANY, Respondent, v. FRY, Appellant.

St. Louis Court of Appeals, January 24, 1905.

1. **CORPORATIONS: Proof of Existence of Foreign Corporations.**
There is no common law rule in respect to the granting of charters to private business corporations and no presumption can be indulged as to what the law of another State is regarding the issuance of certificates of incorporation, or what officer of such State is authorized to issue them or is the proper custodian of them. Where the corporate existence of a plaintiff, suing as a foreign corporation, is put in issue by denial, under oath, of defendant, the law of the State under which the plaintiff claims to have been created a corporation, is a proper subject of proof to show its corporate existence.

2. ————: ————: **Certificate of Secretary of State.** Under section 3098 of the Revised Statutes of 1899, the certificate of the secretary of state, of a sister State, of the incorporation of the plaintiff, whose corporate existence is put in issue, is not admissible in evidence unless it is shown that the laws of that State required the paper to be kept or recorded by him.

3. ————: ————: **Estoppel.** Where the corporate existence of plaintiff is put in issue by affidavit, the fact that defendant admitted that the account sued on was correct, did not estop him to deny plaintiff's corporate existence.

Appeal from Louisiana Court of Common Pleas.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*Ball & Sparrow* for appellant.

The court erred in admitting in evidence the certified copy of the articles of incorporation of the plaintiff. Because the law of the State of Illinois was not offered in evidence, if such there be, to show the authority of Secretary of State to issue articles of incorporation in said State of Illinois. There was no evidence of any kind offered or introduced to show that articles of incorporation, under the laws of the State of Illi-

nois, are required by law to be deposited with or in the office of the Secretary of State of the State of Illinois. Hale v. Palmer, 5 Mo. 403; Marrissey v. Ferry Co., 47 Mo. 521; 1 Greenleaf on Evidence, sec. 493; McDonald v. Ins. Co., 154 Mo. 618, 55 S. W. 999; Church v. Railroad, 42 Mo. App. 248; Goldsmith v. Railroad, 12 Mo. App. 479; Bain v. Arnold, 33 Mo. App. 631; Duke v. Taylor, L. R. A. 31, 484.

*E. E. Campbell* for respondent.

(1)   Moreover, all the printed stationery of respondent which is in this case bore the printed words "Florsheim & Company, Incorporated." Appellant examined the paper sued on and admitted that it was correct. In other words he admitted that he owed Florsheim & Company, Incorporated, $210. Having dealt with respondent as an existing living thing, under its corporate name for years, now that he has respondent's goods for which he refuses to pay without assigning any reason whatever, and well knowing that respondent is a corporation, he is estopped from denying respondent's corporate existence. Railroad v. McPherson, 35 Mo. 26; Ins. Co. v. Needles, 52 Mo. 18; St. Louis v. Shields, 62 Mo. 247; Bradley v. Rappell, 135 Mo. 553 and cases therein cited. (2) At any rate, the proof of incorporation admitted was sufficient. That fact not having been questioned, it will be presumed that the respondent had complied with the requirements of the statute enabling it to do business within this State. Parlin & Orendorff Co. v. Boatman, 84 Mo. App. 72.

BLAND, P. J.—The suit was begun before a justice of the peace in the township where the defendant resides, in the county of Pike. In its complaint, before the justice, plaintiff alleges that it is a corporation organized under the laws of the State of Illinois. The

suit is to recover on an account for merchandise sold and delivered to defendant by plaintiff, aggregating two hundred and ten dollars.

Defendant filed the following affidavit in the Common Pleas Court:

"Florsheim & Co., an Illinois corporation, plaintiff, v. John C. Fry, defendant.

"The defendant, on his oath, states that he has no information as to whether or not the plaintiff is or is not a corporation.

"Therefore, defendant, on his oath, denies that the plaintiff is a corporation.        J. C. FRY.

"Subscribed and sworn to before me this, the twenty-third day of May, 1904.

(Seal.)        "JOHN W. ROBERTSON,

"Clerk of the Louisana Court of Common Pleas.

"Filed May 23, 1904."

The case was taken by appeal to the Louisiana Court of Common Pleas, where, on a trial *de novo,* plaintiff recovered judgment, from which defendant duly appealed. But one question is presented by the record for decision. To prove its incorporation, plaintiff introduced and read in evidence, over the objection of defendant, what purported to be a certified copy of its articles of incorporation, to which was appended the following certificate:

"United States of America,    }
                              }  ss.    Office, Secre-
"State of Illinois.            }        tary of State

"I, James A. Rose, Secretary of the State of Illinois, do hereby certify that the foregoing is a true copy of articles of incorporation of Florsheim and Company, the original of which is now on file in my office. In witness whereof, I hereunto set my hand and affix the great seal of State, at the city of Springfield, this ninth day of April, A. D. 1904.        JAMES A. ROSE,

(Seal.)                        "Secretary of State."

The laws of Illinois were not offered in evidence. Appellant's contention is that the courts of this State can not take judicial notice of the laws of Illinois, or of the fact that James A. Rose is the secretary of the State of Illinois, or that his office is the proper depository of certificates of incorporation issued under the laws of that State. There is no common-law rule in respect to the granting of charters to private business corporations; in this country they are generally granted either by special acts of the lawmaking power or obtained under general statutes regulating the subject. In these circumstances, no presumption can be indulged as to what the law of Illinois is, in regard to the issuance of certificates of incorporation, or what officer of that State is authorized to issue such certificates, or who is the proper custodian of them after they are issued. Plaintiff alleged that it was incorporated under the laws of Illinois and defendant denied its incorporation under oath. The fact that plaintiff was incorporated was thus squarely put in issue and it devolved upon plaintiff to show by some affirmative evidence that it was incorporated, as alleged. The existence of the laws of Illinois, like any other question of fact, was a proper subject for proof; none whatever was offered, unless the purported copy of the certificate of incorporation furnished the requisite proof.

Section 3098, R. S. 1899, provides:

"All records and exemplifications of office books, kept in any public office of the United States, or of a sister State, not appertaining to a court, shall be evidence in this State, if attested by the keeper of said records or books, and the seal of his office, if there be a seal."

In Childress & Mullanphy v. Cutter, 16 Mo. 24, Howell, Jewett & Co. v. Caryl & Co., 50 Mo. App. 440, and Van Riper & Rogers v. Morton, 61 Mo. App. 440, it was held that a copy of any record or public paper, certified by the officer entrusted with its custody, was

evidence. This is also the common-law rule. [1 Green-leaf on Evidence, secs. 503, 507.] But as a basis for the introduction of such a paper, it is essential to show that the laws of the State from which it comes required the paper to be kept or recorded by the officer making the certificate. [Haile v. Palmer, 5 Mo. 403.]

In Morrissey v. Wiggins Ferry Co., 47 Mo. 521, it was held:

"A parish registry, showing the date of a child's baptism, is not competent evidence of his birth or his identity. Nor is it competent as evidence at all unless it appears in proof that such registry is required to be kept by the laws of the State from which it is taken; and the statute of another State on this point must be proved like any other fact. No presumption can arise in reference to such statutes, nor will courts take judicial notice of them. In the absence of all proofs the courts of this State will presume that the general principles of common law prevail in other States."

Greenleaf defines an office copy of a record as "a copy authenticated by an officer intrusted for that purpose; and it is admitted in evidence upon the credit of the officer." [1 Greenleaf on Evidence, sec. 507.]

Judge THOMPSON, in his work on Private Corporations, volume 6, section 7712, says: "Something more than what has been stated in the preceding sections is necessary to prove the existence of a foreign corporation, because courts do not take judicial notice of foreign laws, but those laws must be proved as facts. In order to prove the existence of a foreign corporation, it is therefore necessary to do something more than to prove the papers and proceedings of incorporation, but it is also necessary to make proof of the statute authorizing the incorporation. In the absence of a local statute providing for the manner of authenticating a copy of the certificate of incorporation of a corporation organized under the laws of another State, a certificate by the original custodian of the document in the State

of its origin, under the laws thereof, under his seal of office, is a sufficient authentication.''

Under these authorities, we think the copy of the certificate of incorporation read in evidence was not so proven or authenticated as to be admissible in evidence, and for this reason defendant's objection to it should have been sustained.

2.   A witness for plaintiff, in whose hands the account sued on had been placed for collection, stated: ''I called on him (defendant) with this account and asked him about it.   He examined it and said it was correct, he owed the money and he would pay it as soon as he got well.''   On this piece of evidence, plaintiff insists that defendant is estopped to deny the fact of its incorporation.   In respect to proof of incorporation by acts or admissions of the opposite party, Judge THOMPSON (Thompson on Private Corporations, vol. 6, sec. 7707)   says:

''A common way of proving the existence of a corporation is by proving acts of the opposite party which from their very nature admit its existence, and in many cases raise an estoppel against such party from denying it.   In the absence of documentary evidence of the organization of a corporation, evidence that the defendant was present at the organization of a company as a corporation, was elected and acted as president, and signed the note in suit as such, is prima facie proof of the existence and organization of the corporation as in effect the admission of a party.   So, where a defendant is sued under a name which implies a corporate existence, the fact that it is a corporation may be inferred from its having issued the obligation sued on under that name, by its president and secretary.''

The mere admission of defendant, that he owed the account made out in the name of the corporation, seems to us to fall short of an admission that plaintiff is in fact a corporation and it certainly contains none of the elements of an estoppel.

The judgment is reversed and the cause remanded. All concur.