C. H. WILCOX v. CHRISTINA C. BERGMAN and Another.[1]

November 17, 1905.

Nos. 14,485—(51).

**Evidence—Records of Foreign States.**

Copies of the record of deeds and other similar private writings made in a sister state are admissible in evidence in the courts of this state, under the provisions of R. S. U. S. § 906 [U. S. Comp. St. 1901, 677] when properly certified and authenticated.

**Same—Effect.**

But they will be given such force and effect only as is given thereto by the law of the state from which they are taken, and it must appear that the record was one which was authorized and provided for by the statutes of that state.

**Presumption.**

No presumption exists that the statutory law of a sister state is the same as that of this state.

Action in the district court for Pine county to recover $2,000 for fraud of defendants in conveying to an innocent third person land previously sold and conveyed to plaintiff by warranty deed, which deed

[1] Reported in 104 N. W. 955.

had not been recorded at the time of the fraudulent second sale. The case was tried before Crosby, J., who dismissed the action upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Robert C. Saunders,* for appellant.

*Gjertsen & Lund,* for respondents.

BROWN, J.

This action was brought to recover damages for the alleged fraud of defendants in conveying certain property to a third person after having previously conveyed it by warranty deed to plaintiff. The complaint alleges, among other things, that the defendant Christina Bergman was on August 10, 1900, the owner of the land mentioned, and that she and her husband, defendant August Bergman, for a valuable consideration, conveyed the same by warranty deed to plaintiff; that by inadvertence plaintiff neglected to record the deed in the office of the register of deeds, as required by the laws of the state of North Dakota, where the land was located; that thereafter, in February, 1902, defendants conveyed the same land by warranty deed to one A. L. Beggs, an innocent purchaser for value and without notice of the prior deed; and that Beggs in turn conveyed to one Rickords, who was also an innocent purchaser for value and without notice of the deed to plaintiff. Both the later deeds were, the complaint alleges, duly recorded in the proper office of the register of deeds of North Dakota. The complaint also alleges that provision is made by the statutes of the state of North Dakota for the record of all deeds and other instruments affecting the title to real property located in that state, and that by reason of the record of the deeds to Beggs and Rickords plaintiff has been wholly deprived of the property conveyed to him by his unrecorded deed. The answer is a general denial.

When the case came on for trial plaintiff offered in evidence the deed claimed to have been executed and delivered to him by defendants, which was received over defendants' objection, and then offered a copy of the deeds to Beggs and Rickords, properly certified by the register of deeds of Dickey county, North Dakota, wherein they were recorded. These documents were objected to on the ground that "there is no statute in Minnesota authorizing the introduction in evidence of recorded

title in a foreign state by certified evidence," and on the further ground that the evidence was incompetent, irrelevant, and immaterial, and not the best evidence. The objection was sustained, whereupon plaintiff rested his case, and on motion of defendants it was dismissed for failure on the part of plaintiff to prove the allegations of his complaint. Thereafter plaintiff moved for a new trial, and appealed from an order denying it.

The only question presented for consideration upon this appeal is whether the court below erred in excluding the certified copies of the North Dakota records. It is apparent from the settled case that the objection to the introduction of these documents was sufficient to call attention to the real point affecting their admissibility. The court evidently ruled on the theory that, inasmuch as there is no statute in this state expressly authorizing the introduction in evidence of foreign non-judicial records, certified copies thereof are inadmissible, and that the act of Congress providing that properly exemplified copies of such records shall be received in evidence in all courts was not applicable. The objection must therefore be treated as sufficient to raise the question whether at the time the documents were offered on the trial below they were competent and admissible to prove, not only the record, but the execution of the deeds. It may be stated in this connection that plaintiff did not offer the statutes of North Dakota, referred to in the complaint, providing for and authorizing the record of such instruments, nor any statute or rule of court making certified copies competent evidence in the courts of that state.

The constitution of the United States (article 4, § 1) provides that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and that Congress may prescribe the manner in which such acts and proceedings shall be proved, and the effect thereof. In 1790, by authority of this provision of the constitution, Congress prescribed the manner in which judicial acts and proceedings might be proven in the courts of the several states, but made no provision respecting the proof of other records. Section 906, R. S. [U. S. Comp. St. 1901, 677], covering all records other than those of a judicial character, was enacted in 1804. That act provides and declares that all records and other exemplifications of books kept in any public office in any state or territory of the United

States, not appertaining to a court, shall be proved and admitted in any court in any other state or territory by the proper attestation of the keeper of the records or books and the certificate of the presiding judge of the county or district in which such office may be kept that the attestation thereto is in due form and by the proper officer; and it further provides that records so authenticated shall have such faith and credit given them in every court within the United States as they have by the law of the state from which they are taken. There is no question in the case at bar that the records here sought to be introduced in evidence were properly authenticated as required by this act of Congress; but, as already stated, there was no offer of the statutes of North Dakota, from which the records came, either showing that such records were there provided for, or showing the effect given to properly authenticated copies as evidence in that state.

We have no statute in this state under which certified copies of documents, not of a judicial nature, coming from a sister state, may be used as evidence in our courts. Judicial records are provided for, but records of that nature only (G. S. 1894, § 5706); and the question presented is whether the act of Congress is valid as a rule of evidence by which the courts of this state are controlled

Whether Congress may establish a rule of evidence for state courts, and whether the act of Congress just referred to is binding upon the courts of the several states, is a question that has been more or less discussed by the various state courts. By the later authorities the rule is laid down that the act of Congress is a valid exercise of the powers given by the Constitution, and binding on the state courts. The better opinion is that the act of Congress should be sustained, not only because authorized by the constitution, but for the further reason that it establishes a uniform, definite, and certain rule by which official records in the several states may be shown. If the record of instruments be provided for by the laws of the several states, and certified copies thereof made evidence in the state where made, either by statute or rule of court, no reason occurs to us why the act of Congress should not be applied and enforced by the courts of all other states. Its enactment was clearly within the terms of the constitution, for authority is there conferred to prescribe rules of evidence, not only with reference to judicial acts and records, but all other official records.

The question recently came before the Supreme Court of New Jersey (Chase v. Caryl, 57 N. J. L. 545, 31 Atl. 1024), where it received a very thorough and careful consideration, and the act of Congress was held controlling in that state. A large number of authorities are collected and analyzed, and we refer to them as a complete answer to every objection that may be raised against the operation and validity of the act. See also 2 Elliott, Ev. § 1349; 2 Jones, Ev. § 551; 3 Wigmore, Ev. § 1648; 17 Cyc. 323, et seq., and cases cited.

But to render copies of such records competent evidence under the act of Congress in the courts of other states it must appear (1) that the statutes of the states in which the record was made provided for and authorized it, and (2) the force and effect given to such evidence in the courts of that state. In the absence of such showing, copies are incompetent and inadmissible. While the decisions of the courts and text-writers are not, perhaps, in entire harmony upon this subject, it occurs to us that the act of Congress will permit of no other view. The act declares that properly authenticated records shall have such force and effect given them in every court within the United States as they have by the law of the state from which they are taken.

In cases like the case at bar, when by the pleadings the execution of the instrument, a copy of which is offered in evidence, is in issue, the original document is the best evidence, and must be produced, unless by some statute or rule of court of the state from which it is taken a certified copy of the record thereof prima facie establishes that fact. But there is no presumption that such effect is given to copies of records in another state. At least, this court has held that no judicial notice will be taken of the statutory law of a sister jurisdiction. Myers v. Chicago, St. P., M. & O. Ry. Co., 69 Minn. 476, 72 N. W. 694. In this state a certified copy is received in evidence with like force and effect as the original, and prima facie proves the execution of the original. G. S. 1894, § 5733; Ellingboe v. Brakken, 36 Minn. 156, 30 N. W. 659. But we cannot presume that such rule obtains in North Dakota.

The question has come before several of the leading state courts, where the subject is not expressly covered by local statutes, and the rule here indicated had been laid down and followed. Florsheim v. Fry, 109 Mo. App. 487, 84 S. W. 1023, was an action wherein plaintiff

alleged that it was a foreign corporation, which was denied by the answer of defendant, thereby presenting an issue upon that question. To prove its incorporation plaintiff introduced and read in evidence, over objection of defendant, what purported to be a certified copy of its articles of association, to which was appended a certificate of the secretary of state of the state of Illinois. Section 3098, Rev. St. Mo. 1899, provides: "All records and exemplifications of office books kept in any public office of the United States, or of a sister state, not appertaining to a court, shall be evidence in this state, if attested by the keeper of said records or books, and the seal of his office, if there be a seal." The law of Illinois was not offered in evidence. It was held that there was no common-law rule authorizing the admission in evidence of such records, and no presumption could be indulged that the law of Illinois authorized the formation of corporations, or that an officer of that state was authorized to issue certificates of incorporation or certify to copies thereof, and that it was error to admit the copies in evidence. The act of Congress was not involved in that case, but a statute very similar was under consideration. On principle the case is in point.

In Petermans v. Laws, 6 Leigh (Va.) 523, it was said: "Whether copies of deeds recorded in Virginia are or are not primary evidence, the copy of a deed recorded in North Carolina cannot be so, without proof that it would be received as evidence, in lieu of the original, in the courts of that state; for such faith and credit only are to be given to it here as it would have by law or usage in the courts of that state."

In State v. Pagels, 92 Mo. 300, 4 S. W. 931, it was held that, in order that certified copies of the records of a hospital for insane in a sister state may be introduced in evidence, it must be shown that such institutions were public offices of a sister state and authorized to make the records sought to be proven.

In Woods v. Banks, 14 N. H. 101, it was held that, where certified copies of records are offered in evidence, it should appear that the officer by whom they purport to be certified had the right to the custody of the records and power to authenticate copies.

In Garrigues v. Harris, 17 Pa. St. 344, it was held that the record of a mortgage of land in New Jersey, though but an abstract of the

mortgage, the record being according to the laws of New Jersey, is competent evidence in Pennsylvania, when authenticated according to the act of Congress. "We are required to take judicial notice that the recording of an 'abstract' of a mortgage is all that is there enjoined, and that a certified copy of that record is competent evidence in that state." The case goes further than the authorities generally will warrant.

At least the decisions of our state, as already suggested, are to the effect that no presumption exists that the statutes of foreign states are the same as our own. The common law is presumed to be the same in all states, but not the statutes. Crandall v. Great Northern Ry. Co., 83 Minn. 190, 86 N. W. 10.

In Mitchell v. Mitchell, 3 Stew. & P. (Ala.) 81, the plaintiff brought an action in detinue for certain slaves, and in support of the action offered in evidence an instrument purporting to be a copy of a deed of gift from their ancestor to them, certified by the clerk of the superior court of Wilkinson county, Georgia, to have been duly transcribed from the records of his office. To this certificate was also annexed, in due form a certificate of the governor of Georgia that the person so certifying the copy was at the time clerk, etc. Safford, J., said: "To authorize the introduction of the copy of the deed, the plaintiffs should have shown, among other things, that by the laws of Georgia such conveyances are required to be recorded, and as a consequence thereof that the clerk recording them, or keeping the record, had authority to certify copies. If the recording was an extraofficial act, the clerk had no authority to certify the copy as evidence. The legality of the procedure is not to be presumed, because it is not the course of the common law. In order to prove a deed, agreement, or other private instrument, it is necessary, first, to produce the deed, or to excuse the omission by proof that it has been lost or destroyed, or is in the hands of the adverse party, who has had notice to produce it. For the best evidence of the contents of a written instrument consists in the actual production of it, and secondary evidence of it cannot be admitted until the impossibility of producing it has been manifested to the court."

In Dixon v. Thatcher, 14 Ark. 141, it was held that a duly certified copy of the record of a bill of sale recorded in the office of a parish judge of Louisiana, and purporting to have been taken before a notary

public for the parish, was inadmissible in evidence, unless shown to be acknowledged before an officer competent to take such acknowledgment and recorded by authority of law. The same rule was applied in McNeill v. Arnold, 17 Ark. 154, where the court said: "A deed executed in another state, in the absence of any testimony that the laws of the state authorized its registration, is not admissible in evidence merely upon certificates of its acknowledgment and registration, without other proof of its execution."

In Lee v. Mathews, 10 Ala. 682, it was held that, to authorize the certified copy of the deed by the public register of Halifax county, North Carolina, to be read in evidence, it was necessary to prove by the law of that state that such instruments were required to be recorded. See also 3 Wigmore, Ev. § 1652.

The case of Spoon v. Frambach, 83 Minn. 301, 86 N. W. 106, is not in point. The court had before it in that case the admissibility of a promissory note, to which was not attached an internal revenue stamp as required by the federal revenue act, which provides that unstamped instruments are not admissible in evidence in any court. What was there said as to authority of Congress to prescribe rules of evidence for state courts had no reference to the act of Congress here under consideration.

Our conclusion is that, to render certified copies of records from a sister state competent evidence in the courts of this state, it must be shown that the statutes of that state provided for and authorized the record to be made, and also the particular force and effect given to certified copies as evidence in the courts of that state; and, for the reason that there was no proof of the statutes of North Dakota in the case at bar, the objection to the introduction of the copies was properly sustained. We are not aware of any rule of evidence at common law under which certified copies of foreign records of the character of these here mentioned are admissible in evidence in the absence of proof of the statutes under which they were made. The common-law rule in reference to "ancient documents" or public records as distinguished from private records, does not apply. It follows that the ruling of the court below must be sustained.

Order affirmed.