MILWAUKEE GOLD EXTRACTION CO., APPELLANT, *v.*
GORDON ET AL., RESPONDENTS.

(No. 2,487.)

(Submitted May 6, 1908. Decided May 18, 1908.)

[95 Pac. 995.]

*Mines and Mining—Adverse Suits—Pleadings—Denials—Suffi-
ciency—Foreign Corporations—Public Writings—Authentica-
tion—Evidence—De Facto Corporations—New Trial Motions
—Practice—Amended Declaratory Statements—Admissibility.*

**Pleadings—Denials—Information and Belief.**
1. *Held,* that an allegation in defendants' answer that they "say
defendants have not sufficient knowledge or information to form a be-
lief as to matters and facts alleged" in a certain paragraph of the
complaint, "and therefore deny the same," was in substantial com-
pliance with section 690, Code of Civil Procedure.

**Same.**
2. The provisions of section 690, Code of Civil Procedure, relative
to denial on information and belief, apply to any and all allegations
in a complaint; hence an allegation in the complaint of a corpora-
tion, that plaintiff was and is a corporation, was put in issue by such
a denial.

**Foreign Corporations—Proof of Corporate Existence—Articles of Incor-
poration—Authentication—Insufficiency.**
3. Plaintiff mining corporation was organized in Arizona. A copy of
its articles of incorporation, on file in the office of a county recorder
of that territory was placed on file in the office of the territorial
secretary, and by him a certified copy of the copy transmitted to the
Secretary of State of Montana, who on request of plaintiff furnished
a certified copy thereof to it, and this paper was offered in evidence
to prove its corporate existence. The certificate of the county re-
corder, the supposed legal custodian of the original, was not au-
thenticated as required by either section 906, United States Revised
Statutes, or section 3206, Code of Civil Procedure. The certificate
of the territorial secretary, as it appeared in the record, recited that
the paper was a true transcript of the copy on file in his office, and
that he had thereunto set his hand and affixed his official seal, fol-
lowed by the word "seal," without any impression thereof or any-
thing to indicate that it was the great seal of the territory. *Held,*
that the writing was not authenticated as required by law, and, there-
fore, inadmissible in evidence for the purpose indicated.

**Public Records—Proof—Statutes.**
4. Section 3207, Code of Civil Procedure, relating to proof of pub-
lic records, refers to a public record of a private writing within the
state, and not to public records of other states.

**Same—When United States Statute Binding.**
5. In the absence of a statute of this state defining the evidentiary
value or effect of a copy of a record from another state, section 906,

United States Revised Statutes, is binding on the courts of the state upon this question.

Foreign Corporations—Proof of Corporate Existence—Requisites.

6. Since corporations are creatures of statute, the copy of the articles of incorporation referred to in paragraph 3 above, offered by plaintiff to prove its corporate existence, was properly excluded from evidence, in the absence of proof as to the provisions of the laws of Arizona authorizing plaintiff's incorporation for mining purposes, of the manner of its incorporation, that the county recorder is the proper custodian of the original, or whether such laws authorize or require a certified copy of the articles to be filed in the office of the Secretary of the territory of Arizona.

Same—Statutes of Sister States—Judicial Notice—Evidence.

7. Inasmuch as, under section 906 of the United States Revised Statutes, a certified copy of a public record of another state or territory is entitled to only such faith and credit in the courts of this state as would be accorded to it in such foreign jurisdiction, and since in this state courts do not take judicial notice of the statutory laws of a sister state or a territory, the certified copy of the articles of incorporation mentioned above was not competent evidence for any purpose in the absence of proof respecting the use of such copies as evidence in Arizona.

De Facto Corporations—Proof of Existence—Essentials.

8. In order to prove that a corporation *de facto* exists, it must be shown (1) that there is a law of the state or territory of the corporation's alleged existence authorizing the organization of such a corporation; (2) that a *bona fide* attempt has been made to effect such an organization; and (3) the actual user of the corporate powers or some of them, which might rightfully have been used had the corporation been regularly organized.

New Trial Motions—Practice—Bills of Exceptions—Specifications of Error.

9. Under Laws 1907, page 89, relating to the practice on motions for new trials, there is now no such thing as a statement on motion for a new trial; the motion must be made upon (a) affidavits, (b) the minutes of the court, or (c) upon a bill of exceptions settled as provided by section 1155, Code of Civil Procedure, and a bill of exceptions is not required to contain any specifications of error. (Laws 1905, p. 185.)

Evidence—Exclusion—Review.

10. Where testimony, alleged to have been improperly excluded, is not incorporated in the record on appeal, the question of its improper exclusion cannot be reviewed.

Mines and Mining—Adverse Suits—Declaratory Statements—Insufficiency—Who may not Object.

11. Where plaintiff in an adverse suit to a mining claim fails to show any right to the ground in controversy, he will not be heard to object that the defendants are not entitled to a patent because of the insufficiency of their declaratory statement.

Same—Amended Declaratory Statements—Filing After Commencement of Trial—Evidence.

12. The purpose of filing an amended declaratory statement of the location of a mining claim, authorized by Laws of 1901, page 56, being to cure defects in the original, it can confer no rights in the premises which did not exist prior to the filing of the amended state-

ment, but relates back to the first location; hence the efficacy of such a paper as evidence is not affected by the circumstance that it was not filed until after the trial of an adverse suit had commenced.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

Action by the Milwaukee Gold Extraction Company against George W. Gordon and another. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. D. M. Durfee,* and *Mr. W. E. Moore,* for Appellant.

The statement in defendants' answer that, not having sufficient knowledge or information to form a belief as to the incorporation of plaintiff, they deny the allegation of the complaint relative thereto, does not conform to the language of section 690, Code of Civil Procedure, and consequently is no denial at all. (*State* v. *Butte City Water Co.,* 18 Mont. 199, 56 Am. St. Rep. 574, 44 Pac. 966, 32 L. R. A. 697; *San Francisco Gas Co.* v. *City of San Francisco,* 9 Cal. 467; *Curtis* v. *Richards,* 9 Cal. 34; Bliss on Code Pleading, sec. 326; Pomeroy on Code Remedies, sec. 640; Estee's Pleading and Practice, sec. 3234; see, also, 2 Beach on Corporations, sec. 869; 5 Ency. of Pl. & Pr., p. 87.) The allegation amounts to no more than pleading the general issue, which admits the corporate existence of plaintiff. (*Harrison* v. *Martinsville etc. R. R.,* 16 Ind. 595, 79 Am. Dec. 447; *Commercial Bank* v. *Pfeiffer,* 108 N. Y. 242, 15 N. E. 311; *Orono* v. *Wedgewood,* 44 Me. 49, 69 Am. Dec. 81; Thompson on Corporations, par. 7665; *Winstead Assn.* v. *Ford,* 27 Conn. 282, 71 Am. Dec. 67, and cases cited; *Union Cement Co.* v. *Noble,* 15 Fed. 502.)

There was no direct attack on the corporate existence of the plaintiff and appellant; the fact of its incorporation was only collaterally in issue. In such case the courts have universally held that a *de facto* corporation may be proved. (*Finnegan* v. *Noerenberg,* 52 Minn. 239, 38 Am. St. Rep. 552, 53

N. W. 1150, 18 L. R. A. 778; 6 Thompson on Corporations, sec. 7697; *Duggan* v. *Colorado M. & I. C. O.,* 11 Colo. 115, 17 Pac. 105; *People* v. *Montecito Water Co.,* 97 Cal. 276, 33 Am. St. Rep. 172, 32 Pac. 236.)

The court below went upon the theory that the plaintiff, having failed to prove its incorporation in the manner deemed necessary, had no further right to participate in the trial of the case. In this the court was in error. In actions of this kind each party is practically plaintiff, and must show his title. (*Brown* v. *Gurney,* 201 U. S. 184, 26 Sup. Ct. 509, 50 L. Ed. 717; *Jackson* v. *Roby,* 109 U. S. 440, 3 Sup. Ct. 301, 27 L. Ed. 990; *Perego* v. *Dodge,* 163 U. S. 160, 16 Sup. Ct. 971, 41 L. Ed. 113.) The fact that plaintiff was in possession, even though an alien, would negative the right of the defendants, and the court should not have excluded the plaintiff's evidence, offered to show the location, recording, and the possession of its claims.

*Messrs. Rodgers & Rodgers,* and *Mr. W. L. Brown,* for Respondents.

Whenever a corporation comes into court it must show under the Code practice its legal existence, and therefore its capacity to maintain the suit. This must be done by allegation. When these allegations are denied, either generally, specifically or by the form used in this case, they must be proven. (Bliss on Code Pleading, secs. 246, 249, 259; *Martin* v. *Deetz,* 102 Cal. 62, 41 Am. St. Rep. 151, 36 Pac. 368; *Oroville & V. R. R. Co.* v. *Plumas,* 37 Cal. 359.)

Whenever proof of a foreign record of an office of a sister state is attempted to be made, section 906 of the Revised Statutes of the United States, or the laws of the state wherein the proof is attempted to be made, if such laws have provided the method, must be strictly pursued. (*Parchen* v. *Peck,* 2 Mont. 571; *Keith Bros.* v. *Stiles,* 92 Wis. 15, 64 N. W. 860; *Milius* v. *Houston,* 41 Miss. 59; *James* v. *James,* 35 Wash. 655, 77 Pac. 1082; *Nolan* v. *Nolan,* 33 App. Div. 339, 54 N. Y. Supp. 976;

*Dozier* v. *Joyce,* 8 Port. (Ala.) 303; *Sloan* v. *Wolfsfeld,* 110 Ga. 70, 35 S. E. 344; *State* v. *Barrow,* 31 La. Ann. 691; *Rowe* v. *Barnes,* 101 Iowa, 302, 70 N. W. 197; *Duvall* v. *Ellis,* 13 Mo. 203; *Catlin* v. *Underhill,* 4 McLean, 199, Fed. Cas. No. 2523.) These articles of incorporation were also properly excluded, because there was no proof of the laws of Arizona respecting the use of certified copies of public records in that territory. That it was incumbent upon plaintiff to prove this fact and the laws of Arizona by competent evidence, see *Wilcox* v. *Bergman,* 96 Minn. 219, 104 N. W. 955; *Duke* v. *Taylor,* 37 Fla. 64, 53 Am. St. Rep. 232, 19 South. 172, 31 L. R. A. 487; *Florsheim & Co.* v. *Fry,* 109 Mo. App. 487, 84 S. W. 1023; *McKnight* v. *Oregon Short Line R. R. Co.,* 33 Mont. 40, 82 Pac. 661; *Lee* v. *Matthews,* 10 Ala. 682, 44 Am. Dec. 498; *Mitchell* v. *Mitchell,* 3 Stew. & .P. (Ala.) 81; *Powell* v. *Knox,* 16 Ala. 364; *Martin* v. *Martin,* 22 Ala. 86; *Whaun* v. *Atkinson,* 84 Ala. 592, 4 South. 681; *Tucker* v. *People,* 117 Ill. 91, 7 N. E. 51; *Munkres* v. *McCaskill,* 64 Kan. 516, 68 Pac. 42; *De Riesthal* v. *Walton,* 66 Md. 470, 8 Atl. 462; *Nolan* v. *Nolan,* 35 App. Div. 339, 54 N. Y. Supp. 975. It has been said that a copy of a copy is no evidence, for the rule demands the best evidence that the nature of the thing admits, and a copy of a copy cannot be the best evidence, for the further off a thing lies from the first original truth, so much the weaker must the evidence be. (*Urim* v. *Patterson,* 9 Pet. 677, 9 L. Ed. 266; *Cameron* v. *Peck,* 37 Conn. 555; *Drumm* v. *Cessnum,* 58 Kan. 331, 49 Pac. 78; *Nelson* v. *Blakey,* 54 Ind. 29; *Goodrich* v. *Weston,* 102 Mass. 362, 3 Am. Rep. 469; *Lunn* v. *Rice,* 9 Minn. 230; *Goddard* v. *Parker,* 10 Or. 102.)

Where the corporate existence of the plaintiff is essential to be established as a condition precedent to a recovery upon the merits, this corporate existence must be *de jure,* and not *de facto.* Proof of such *de facto* existence will not suffice. (*New York Cable Co.* v. *Mayor etc. of New York,* 104 N. Y. 43, 10 N. E. 332; *Atlantic & Ohio R. R. Co.* v. *Sullivan,* 5 Ohio St.

276; *Atkinson* v. *Marietta etc. R. R. Co.,* 15 Ohio St. 21; Thompson on Corporations, 7660.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an adverse suit instituted by the Milwaukee Gold Extraction Company, a corporation, owning the Hannah, Alice and Dixie quartz lode mining claims, all situate in Granite county, against the defendants Gordon and Doddington, the owners of the Maude S. claim. It is alleged in the complaint that the defendants made application for patent to their claim, and during the period of publication of their notice plaintiff filed in the local land office its protest and adverse claim, alleging a conflict between the surface area of defendants' claim and the surface areas of the claims owned by the plaintiff. It is alleged that this adverse was allowed, and that within thirty days thereafter this action was commenced.

The defendants answered, admitting the making of their application for patent, and undertook to deny every other allegation in the complaint. They also set forth affirmatively the acts and things done by them in making and perfecting their location of the Maude S. claim and in representing the same. A reply was filed which puts in issue the affirmative allegations in the answer, and also pleads a forfeiture by defendants of any right which they may have had by virtue of the location of the Maude S. claim. Upon the trial the court excluded all testimony offered by the plaintiff, heard the evidence offered by the defendants respecting their claim, and made and had entered a judgment in their favor, from which judgment and an order denying it a new trial the plaintiff appeals. Many specifications of alleged error are made by the appellant, but these may be grouped, as they present but few questions for determination.

In paragraph 1 of the complaint it is alleged "that the plaintiff is a corporation duly organized under the laws of the territory of Arizona," etc. Paragraph 1 of the answer and the introductory clause read as follows: "Come now the defendants,

and answering the plaintiff's complaint filed herein, say:
(1) That the defendants have not sufficient knowledge or information to form a belief as to the matters and facts set out in paragraph No. 1 of the said complaint, and therefore deny the same.'' Appellant contends that this statement in paragraph 1 of the answer is not sufficient to put the plaintiff upon proof of the fact that it was and is a corporation.

Section 690 of the Code of Civil Procedure, among other things, provides: ''The answer of the defendant must contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. * * *'' It is said that, as defendants did not follow the language of the Code, they did not raise an issue upon the allegation in the first paragraph of the complaint. But we are not impressed with the argument; for, while the Code in section 690 above apparently contemplates that this assertion of a want of knowledge shall be in the form of a denial, we think the defendants complied substantially with the law in saying that they ''have not sufficient knowledge or information to form a belief as to the matters and facts alleged in paragraph 1 of the complaint.'' In other words, we are unable to appreciate any difference in these two expressions: (1) I say that I have not sufficient knowledge or information to form a belief as to a particular allegation; and (2) I deny that I have any knowledge or information sufficient to form a belief as to a particular allegation. The supreme court of California in *Hill* v. *Smith,* 27 Cal. 476, has held that two such expressions are identical in their meaning. Section 755 of the same Code seems to authorize, or at least to countenance, the form of denial adopted by the defendants. That section provides: ''An allegation that the party has not sufficient knowledge or information to form a belief with respect to a matter, must, for all purposes, including a criminal prosecution, be regarded as an allegation that the person verifying the pleading has not such knowledge or information.''

In order to give the plaintiff any standing in court it was necessary, since it was not a private person, to allege the char-

acter in which it appeared. The allegation that it was and is a corporation was a necessary one, and it certainly cannot be said that such an allegation in the complaint cannot be put in issue by a denial in the answer. In the case of *Martin* v. *Deetz,* 102 Cal. 55, 41 Am. St. Rep. 151, 36 Pac. 368, the following from *Oroville & V. R. Co.* v. *Supervisors of Plumas Co.,* 37 Cal. 360, is quoted with approval: "This provision [section 358, California Civil Code] does not go to the extent of precluding a private person from denying the existence *de jure* or *de facto* of an alleged corporation. It cannot be true that the mere allegation that a party is a corporation puts the question whether it is such a corporation beyond the reach of inquiry in a suit with a private person. It must be a corporation either *de jure* or *de facto,* or it has no legal capacity to sue or be sued, nor any capacity of any kind. It is an indispensable allegation in an action by a corporation that the plaintiff is a corporation; and it results from the logic of pleading that the opposite party may deny the allegation."

The provisions of our Code above, authorizing a denial of knowledge or information sufficient to form a belief, are applicable to any or every allegation in a complaint. That form of denial will raise an issue as to the corporate existence of a plaintiff as well as to any other fact pleaded in the complaint. The doctrine announced in 2 Beach on Corporations, section 869, and 5 Encyclopedia of Pleading and Practice, 87, cannot be applicable to such provisions of law as we have in section 690 above. That section does not authorize us to make an exception in favor of an allegation that the plaintiff is a corporation.

It is alleged that the plaintiff is a corporation organized under the laws of Arizona, and plaintiff undertook to prove this fact, and to that end introduced in evidence what it denominated a certified copy of the articles of incorporation of the company. From the paper offered it appears that the original articles of incorporation were filed in the office of the county recorder of Maricopa county, Arizona; that the county recorder made a certified copy thereof, which was filed in the office of the Secretary of

the territory; that the Secretary of the territory made a certified copy of the copy which he had on file in his office and transmitted it to the Secretary of State of the state of Montana, who filed the same in his office; and that finally the Secretary of State of Montana furnished the plaintiff a certified copy of the copy in his office, and that this was the paper offered in evidence. The body of the paper, which is in form the articles of incorporation of the Milwaukee Gold Extraction Company, has attached to it a certificate of the county recorder of Maricopa county to the effect that the same is a full, true and correct copy of the original and the whole thereof. This is followed by the indorsement: "Filed in the office of the Secretary of the territory of Arizona this 25th day of February, A. D. 1901, at 3 P. M. C. H. Akers, Secretary of Arizona." This is followed by a certificate of the Secretary of Arizona to the effect that it is a true and complete transcript of the articles of incorporation of the Milwaukee Gold Extraction Company, which was filed in his office on the 25th day of February, A. D. 1901, at 3 o'clock P. M. This is followed by the indorsement: "Filed December 13, 1902, at 1 o'clock P. M. Geo. M. Hays, Secretary of State of Montana." And then follows the certificate of the Secretary of State of Montana to the effect that the paper is a correct transcript from the original on file in his office and of the whole of said original. Objection was made to the introduction of this paper upon the ground that it was not properly authenticated, and the objection was sustained. This ruling of the trial court presents one of the principal grounds of error relied upon.

Section 1, Article IV, of the Constitution of the United States provides: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state; and the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof." Conformably with this provision, the Congress in 1804 enacted what is now section 906, Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 677), a part of which section is as follows: "All records and exemplifica-

tions of books which may be kept in any public office of any state or territory, or of any country subject to the jurisdiction of the United States, not appertaining to a court, shall be proved or admitted in any court or office in any other state or territory or in any such country by the attestation of the keeper of said records or books and the seal of his office annexed, if there be a seal, together with a certificate of the presiding justice of the court of the county, parish or district in which such office may be kept, or of the Governor or Secretary of State, the chancellor or keeper of the great seal of the state or territory or country that the said attestation is in due form, and by the proper officers. If the said certificate is given by the presiding justice of a court, it shall be further authenticated by the clerk or prothonotary of the said court, who shall certify under his hand and the seal of his office that the said presiding justice is duly commissioned and qualified; or if given by such Governor, Secretary, chancellor or keeper of the great seal, it shall be under the great seal of the state, territory or country aforesaid in which it is made."

But appellant contends that the state of Montana has by statute provided how proof of a public record may be made, and cites section 3207 of the Code of Civil Procedure. But this section clearly refers to a public record of a private writing within this state. (*Western Iron Works* v. *Montana Pulp & Paper Co.,* 30 Mont. 550, 77 Pac. 413.) If we have any statute upon the subject, it must be section 3206 of the same Code. After enumerating various other documents, that section in subdivision 7 provides: "Other official documents, may be proved as follows: * * * (7) Documents of any other class in a sister state, by the original, or by a copy, certified by the legal keeper thereof, together with the certificate of the Secretary of State, judge of the supreme court, district, or county court, or mayor of a city of such state, that the copy is duly certified by the officer having the legal custody of the original." We need not decide, as it is not necessary, to what extent, if any, section 3206 above has supplemented or supplanted the provisions of section 906 of the

United States Revised Statutes, for appellant did not comply with the terms of either statute.

In the absence of a statute of this state defining the evidentiary value or effect of a copy of a record from another state, section 906 above is binding upon the courts of this state, at least to the extent of defining the evidentiary value of such a copy. If it was sought to prove the corporate existence of this company by the certified copy of the articles of incorporation from the office of the county recorder of Maricopa county, then there is absent the certificate of the judge of the court of that county, or of the Governor or Secretary of the territory, that the attestation is in due form and by the proper officer. If it was intended to rely upon the copy from the office of the Secretary of the territory, then it lacks the impression of the great seal of that territory. The certificate of the Secretary of the territory of Arizona concludes as follows: "In witness whereof I have hereunto set my hand and affixed my official seal"—followed by the word "seal." This record does not bear the impression of the seal, or indicate what it is. The seal used may or may not have been the great seal of the territory. There is not any presumption that it was such great seal (*Sisk* v. *Woodruff*, 15 Ill. 15), and since it is necessary that the fact be made to appear affirmatively that the statute has been complied with, there was a failure in this particular. This question has received consideration from many courts; but it is sufficient to cite in support of the ruling of the trial court in this instance, *Parchen* v. *Peck*, 2 Mont. 567, where it is said: "The refusal of the court to admit in evidence the articles of incorporation is assigned as error. The laws of Iowa, under which it is claimed that the Northwest Transportation Company was incorporated, provides that a corporation shall be organized by articles of incorporation, which shall be recorded in the offices of the recorder and Secretary of State (Iowa Code, 1873, p. 183.) To entitle the records of these articles to be admitted in evidence in this territory, how should they be authenticated? There are no statutes of this territory providing in what manner a record of this character should be

authenticated for this purpose. Then the laws of the United States upon this subject must be complied with. In addition to the attestation by the recorder of deeds of the county, where the corporation has its principal place of business, and the Secretary of State of Iowa, with the seal of said state, there should be to each attestation respectively 'a certificate of the presiding justice of the court of the county, parish, or district in which such office may be kept, or of the Governor, Secretary of State, the chancellor or keeper of the great seal of the state, * * * that the said attestation is in due form, and by the proper officers.' (U. S. Rev. Stats. 906.) No certificate by any of said officers is attached to the certificate or attestation of the said recorder or Secretary. The Secretary of State did not add any such certificate to his own attestation. The articles of incorporation were properly rejected.''

But if the attestation had been in due form, the trial court could not be put in error for excluding the paper; for, standing alone, it was insufficient for any purpose. In this country there is not any common-law rule for granting charters to corporations, which are the creatures of law, and are authorized either by private statutes or by general laws. (*Savage* v. *Russell*, 84 Ala. 103, 4 South. 235; *Florsheim & Co.* v. *Fry*, 109 Mo. App. 487, 84 S. W. 1023.) If the certified copy had been admitted, the questions which would necessarily have suggested themselves at once would have been: Can a corporation be organized in Arizona for mining purposes? If so, how is it organized in that territory? Is the county recorder the proper custodian of the record of its organization or its articles of incorporation, and do the laws of Arizona authorize or require a certified copy of the articles of incorporation to be filed in the office of the Secretary of the territory? And even if these questions are all answered, a further one would have suggested itself, viz.: What use can be made in Arizona of a certified copy of a public record of that territory? Can it be used as evidence in the courts there?

Section 906, U. S. Rev. Stats., further provides: "And the said records and exemplifications so authenticated shall have such

faith and credit given to them in every court and office within the United States as they have by law or usage in the courts or offices of the state, territory or country as aforesaid from which they are taken." In other words, if admitted in evidence, this certified copy of the articles of incorporation of the plaintiff company must have been given such faith and credit by the court in Granite county as it would be given by the courts in Arizona. But since there was not any effort made to show what the laws of Arizona are respecting the use of certified copies of public records there, the district court in Granite county could not have given any effect whatever to such evidence. The courts of this state do not take judicial notice of the statutory laws of Arizona (*McKnight* v. *Oregon Short Line R. R. Co.*, 33 Mont. 40, 82 Pac. 661), and therefore not any of the questions suggested above could be answered, in the absence of proof as to the provisions of the laws of Arizona respecting these subjects.

It may be said to be a rule, recognized by the courts generally, that in order to make proof of the corporate existence of a foreign corporation, it is requisite that in addition to the properly authenticated paper there must be evidence to show the laws of the foreign state authorizing the organization of such a corporation, providing the mode of its incorporation and the proper custodians of the paper offered in evidence. (*Savage* v. *Russell*, and *Florsheim & Co.* v. *Fry*, above.) In *Wilcox* v. *Bergman*, 96 Minn. 219, 104 N. W. 955, 5 L. R. A., n. s., 938, this doctrine is succinctly stated as follows: "Our conclusion is that, to render certified copies of records from a sister state competent evidence in the courts of this state, it must be shown that the statutes of that state provided for and authorized the record to be made, and also the particular force and effect given to certified copies as evidence in the courts of that state." Of course the mere fact that the Secretary of State of Montana accepted and filed in his office the copy of the articles of incorporation from the office of the Secretary of the territory of Arizona cannot add anything to its value as evidence. Whether the copy filed is sufficient to show that the corporation, if properly organized,

is authorized to do business in this state, is not before us for determination.

But counsel for appellant rely upon *Hammer* v. *Garfield M. & M. Co.,* 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964; but an examination of the record in that case will disclose that the question of the due authentication of the paper used was not before the court and was not passed upon. The decision in that case must, therefore, be understood with reference to the particular matter before the court for determination. Counsel for appellant also cite a portion of section 7712 from Thompson on Corporations; but an examination of the text will show that it is based upon the decision in *Knapp & Co.* v. *Strand,* 4 Wash. 686, 30 Pac. 1063, and that case was decided upon a particular provision of the statute of Washington, and is not applicable here, where we have no such statute.

But it is earnestly contended that, even though the court was correct in excluding the copy of the articles of incorporation, it erred in excluding plaintiff's offered proof that the plaintiff was and is a corporation *de facto.* This position, however, is untenable; for it is a well-settled rule that, in order to prove that a corporation *de facto* exists, these facts must appear: (1) That there is a law of the state or territory of the corporation's alleged existence authorizing the organization of such a corporation; (2) that a *bona fide* attempt was made to effect such organization; and (3) the actual user of the corporate powers, or some of them, which might rightfully have been used had the corporation been regularly organized. (*Finnegan* v. *Noerenberg,* 52 Minn. 239, 38 Am. St. Rep. 552, 53 N. W. 1150, 18 L. R. A. 778; 10 Cyc. 252.) The evidence offered by the plaintiff wholly failed to prove, or tend to prove, either the first or second of these prerequisites.

Appellant also urges certain alleged errors of law occurring with respect to the *prima facie* case made by the defendants. In this connection it is suggested by counsel for respondents that, since these alleged errors are not specified in the "bill of exceptions and statement on motion for a new trial," they can-

not be considered on this appeal, and section 1173 of the Code
of Civil Procedure, as amended by Laws of 1905, page 185, is
cited; but that section of the Code was further amended in
1907 (Laws 1907, p. 89), so that now in our practice we do not
have any such thing as a statement on motion for a new trial.
A motion for a new trial must now be made upon (a) affidavits,
(b) the minutes of the court, or (c) a bill of exceptions, settled
as provided by section 1155; and a bill of exceptions is not re-
quired to contain any specifications of errors.    (Code Civ. Proc.,
sec. 1152, as amended by Laws. 1905, p. 185; *Martin* v. *Corscad-
den*, 34 Mont. 308, 86 Pac. 33.)    While appellant has desig-
nated its moving paper a bill of exceptions and statement on mo-
tion for a new trial, we treat it as a bill of exceptions only.

Appellant seems to insist that, although the offered testimony
may not have been sufficient for any other purpose, it was suf-
ficient to show that at the time of the location of the Maude S.
claim the particular ground in controversy here was not open,
public land of the United States subject to mineral location,
but was held and possessed by plaintiff or its predecessors in
interest under the locations of the Hannah, Alice and Dixie
claims.    But we cannot determine whether this is true or not.
The bare possession of the conflicting area by naked trespassers
or claimants attempting to hold under void locations would not
be sufficient to withdraw the land from entry; and whether
plaintiff or its predecessors in interest were in possession under
valid mineral locations we are not able to determine, for ap-
pellant has omitted from the transcript the declaratory state-
ments of these several claims, and we are therefore unable to
say whether the area in conflict was or was not withdrawn from
entry at the time of the location of the Maude S. claim.

It is impossible for this court to say whether certain offered
evidence was improperly excluded, unless the record discloses
the offered evidence.    (*Haupt* v. *Simington*, 27 Mont. 480, 94
Am. St. Rep. 839, 71 Pac. 672; *Tague* v. *John Caplice Co.*, 28
Mont. 51, 72 Pac. 297; *Leggat* v. *Carroll*, 30 Mont. 384, 76 Pac.
805.)

With the failure of plaintiff to establish the fact that it was a corporation, either *de facto* or *de jure*, and its failure to present in the record the declaratory statements of its claims, fall a number of its other alleged errors predicated upon the rulings of the trial court in excluding offered testimony.

Objection is made to the sufficiency of the declaratory statement of the Maude S. claim, and to the introduction in evidence of an amended and also a second amended declaratory statement of that claim. We do not think that the original declaratory statement of the Maude S. claim was absolutely void, but this is not material here, since plaintiff has failed to show that it had any right whatever to the ground in controversy so far as this record discloses. (*Wilson* v. *Freeman,* 29 Mont. 470, 75 Pac. 86, 68 L. R. A. 833.) Assuming, but not deciding, that the first amended declaratory statement was insufficient, there is not any contention made that the second amended declaratory statement is not complete; but the objection is urged that, since this second amended declaratory statement was not filed until the time of the trial of this case, it was not of any efficacy whatever. Our statute (Laws 1901, p. 56) authorizing the filing of amended declaratory statements is the same as a statute which has been in force in Colorado for many years (Gen. Laws, Colo. 1877, p. 631, sec. 1823). In *Strepey* v. *Stark,* 7 Colo. 614, 5 Pac. 111, the supreme court of Colorado had under consideration the same question as is here presented, and after a somewhat extended reference to their statute, said: "The purpose of this additional certificate appears to be sufficiently expressed by the language of the Act. It cannot create a right of possession or location in the premises claimed under the first location, which did not exist prior to the filing of such additional certificate. It can confer no additional right, and is therefore evidence of none as against any intervening or pre-existing right of another. It follows that, except as against such intervening rights, an additional certificate serves the same purpose, in its admission as evidence, as that of an original location certificate, and will relate back to the first location. The evident intent of

the statute is that the additional certificate shall operate to cure defects in the original, and thereby to put the locator, where no other rights have intervened, in the same position that he would have occupied if no such defect had occurred. Such intent is in accord with the principle of all curative provisions of law. Without such result this provision of the statute would be ineffectual to confer any additional or other benefit than the provisions of section 2411 (General Statutes), for an entire relocation of a mine as for an abandoned claim. From the foregoing view of the purpose and functions of a location certificate, original and additional, it does not appear that the admissibility in evidence of such additional certificate is affected by the circumstance that it was filed subsequent to the commencement of the suit, since it is not evidence of any after-acquired right or interest, but merely evidence relating to a right of possession which must have been acquired prior to the filing of such certificate, and prior to the acquisition of any intervening right of the controverting party." We content ourselves by saying that we adopt the view of the Colorado court.

We have reviewed in detail those specifications of error which appear to us to present appellant's principal contentions. We have, however, examined the other specifications, but do not think that they raise any serious questions. At least they do not present any errors which ought to work a reversal of this judgment. The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.

Rehearing denied July 18, 1908.