KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. DURRETT. (No. 553.)*

(Court of Civil Appeals of Texas. El Paso. May 4, 1916. Rehearing Denied June 22, 1916.)

1. TRIAL ⟐41(5)—WITNESSES UNDER RULE—VIOLATION—DISCRETION OF COURT.

The fact that a witness talks to another during the trial, after the rule has been invoked, does not disqualify him; but the court may, within its discretion in the enforcement of the rule, refuse to permit him to testify.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 105; Dec. Dig. ⟐41(5).]

2. EVIDENCE ⟐547—OPINIONS — EXPERTS — ADMISSIBILITY.

Testimony of doctors as to what was found by their first examination of plaintiff, as well as what they found in the last examination to make comparisons, not based upon the statements or voluntary acts of plaintiff, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2364; Dec. Dig. ⟐547.]

3. TRIAL ⟐76—OBJECTIONS TO TESTIMONY—TIME TO OBJECT.

Objections to testimony should be made to the questions or by motion to exclude the answers giving the reasons, so that the trial court may rule on the objections made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 172, 183–190, 237; Dec. Dig. ⟐76.]

4. APPEAL AND ERROR ⟐1048(7)—WITNESSES ⟐318—REVIEW—HARMLESS ERROR.

In an action for personal injuries, the action of the court in permitting a physician, a witness for the plaintiff, to testify that he had testified for certain railroads in similar cases was error, where there had been no attempt to impeach him, but is not reversible where the bill of exceptions shows that defendant asked the witness if he was to be paid by plaintiff, and other physicians testified as to the extent of plaintiff's injuries.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4160; Dec. Dig. ⟐1048(7); Witnesses, Cent. Dig. §§ 1084–1086; Dec. Dig. ⟐318.]

5. DAMAGES ⟐185(2)—EVIDENCE—PERSONAL INJURY—CONDITION OF PLAINTIFF.

In an action for personal injuries, testimony that plaintiff became in a toxaemic condition from eating and drinking, and that this caused fever while in a hospital after the accident, in no way tended to prove that plaintiff was not laboring under a total disability proximately caused by the accident.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 506; Dec. Dig. ⟐185(2).]

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

**6. TRIAL ⬥⟿350(6) — SPECIAL ISSUES — EVIDENTIARY FACTS.**

In an action for personal injuries received at a railroad crossing, defendant's special issue "what was the distance from the crossing where the automobile attempted to cross to the caboose on the passing track?" requested on the theory that if the jury had found that there was from 60 to 70 feet of unobstructed track, it would be a finding that plaintiff was negligent, was properly refused; since it was an evidentiary fact to be considered by the jury with other facts, and in no event could be conclusive on the issue of negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 830; Dec Dig. ⬥⟿350(6).]

**7. TRIAL ⬥⟿260(2)—INSTRUCTIONS—REQUESTS —MATTERS ALREADY COVERED.**

Where given charges contain all issues required to be submitted under the pleadings and evidence, the refusal of the court to give special charges requested is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 652; Dec. Dig. ⬥⟿260(2).]

**8. RAILROADS ⬥⟿346(5)—INJURIES AT CROSSING—EVIDENCE—BURDEN OF PROOF.**

In an action for personal injuries received at a railroad crossing, where there was nothing in plaintiff's pleadings to indicate that he was negligent, and nothing in his evidence to suggest it, the burden is on the defendant to prove contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1121; Dec. Dig. ⬥⟿346(5).]

**9. APPEAL AND ERROR ⬥⟿882(14)—REVIEW—INVITED ERROR.**

In an action for personal injuries received at a railroad crossing, where the pleadings and facts did not warrant the submission of the issue as to whether defendant was negligent in failing to ring the bell and blow the whistle 80 yards distant from the crossing, the error was invited by defendant's requesting its submission by offering a special issue to the same effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3604; Dec. Dig. ⬥⟿882(14).]

**10. APPEAL AND ERROR ⬥⟿1062(2)—HARMLESS ERROR—REFUSAL OF ISSUE—CURE BY FINDING.**

In an action for personal injuries received at a railroad crossing, error of the court in failing to submit question as to whether or not the driver of the automobile in which plaintiff was riding was the agent or under the control of the plaintiff, so as to charge plaintiff with his negligence in causing the accident, was harmless, where the jury found that the driver was not guilty of negligence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4213; Dec. Dig. ⬥⟿1062(2).]

**11. NEGLIGENCE ⬥⟿93(1) — IMPUTED NEGLIGENCE.**

Where plaintiff was injured at a railroad crossing while riding in an automobile, the negligence of his companion who was engaged in a joint enterprise with him could not be imputed to plaintiff.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 147, 148; Dec. Dig. ⬥⟿93(1).]

**12. DAMAGES ⬥⟿134(1)—EXCESSIVE DAMAGES —PERMANENT INJURIES.**

Where plaintiff was 40 years of age, was general manager of a telephone company, earning $125 a month, and had been recently reduced from $175 a month because his company was not making much money, that he had formerly earned $200 a month, and was working for less money to build up the business of the company in which he owned stock and was interested, and

that he was seriously and permanently injured, a verdict of $8,500 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 368, 386, 389–394; Dec. Dig. ⬥⟿134(1).]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by R. T. Durrett against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

H. S. Garrett and C. E. Mays, Jr., both of San Angelo, and Williams & Jackson, of Ft. Stockton, for appellant. Howell Johnson and W. A. Hadden, both of Ft. Stockton, and Jones & Thurmond, of Del Rio, for appellee.

HARPER, C. J. This is an appeal from a judgment in favor of appellee for $8,500 damages for personal injuries. Appellee charged the appellant with negligence proximately causing his injury in the following particulars:

(a) In placing a train of box cars along a side track so that same obstructed the view of the main line track and the engine being operated thereon, by one approaching the crossing along the public road from the direction which he was traveling, and the view of those operating said engine of persons approaching the crossing and about to use the same.

(b) Failure to sound the signals for said crossing, by whistle and bell, at least 80 rods from said crossing as required by law.

(c) Failure to give any warning of any kind of the approach of said engine toward said crossing and of the purpose to pass over the same therewith, notwithstanding the obstructions to the view occasioned by said train of cars.

(d) Failure to blow whistle and ring bell on the engine at least 80 rods from the crossing, and to keep the bell ringing until the crossing had been passed.

(e) Failure to keep a lookout for persons about to use the crossing.

(f) Failure to station a watchman at said crossing under the circumstances and conditions existing at the time.

(g) Propelling the engine over the crossing at an excessive and dangerous rate of speed under the existing circumstances.

Defendant answered that, at the time of the accident, the plaintiff and E. F. Greber were engaged in the inspection of certain telephone lines and being transported by automobile, and that they were guilty of negligence in driving upon its railway track at the time and under the circumstances. That the driver of the automobile was guilty of negligence in not keeping a proper lookout which was imputable to plaintiff, and further denied that its servants were guilty of negligence in the manner and way charged.

The first and second assignments charge

that it was error for the trial court to permit certain doctors to testify upon the trial of the case because by certain qualifying questions, in the absence of the jury, it was disclosed that they had on the night previous made an examination of the plaintiff for the purpose of enabling them to testify as witnesses, and not for the purpose of treating him professionally; that their testimony would be based upon this examination, therefore incompetent, etc.

[1] The interrogation of the witnesses revealed that, at an early period of plaintiff's injuries, they had made examinations, and that the purpose of the last examination was to make comparisons. They said that their testimony, if permitted to testify, would be based upon what they found, as well as what was said and done by the patient. If this was simply a question of whether a part of this testimony, afterwards given, was admissible, an objection to it at the time the questions were asked should have been sustained; but we have a very different question presented by these assignments. There is nothing here presented which disqualified the witnesses. Appellant, by proposition, suggests that the witnesses were under rule. The fact that a witness talks to another during the trial after the rule has been invoked does not disqualify him, but simply means that the court may, in the enforcement of the rule, refuse to permit him to testify, and this is within the sound discretion of the court.

[2, 3] Certainly, when the court had refused to enforce the rule as to these witnesses, their testimony as to what was found by their first examination and their opinions thereon, as well as what they found in the last examination, not based upon the statements or voluntary acts of plaintiff, would be admissible. And therefore, if there was any portion of their testimony not admissible, the objection should have been made at the time the questions were asked or after the witness had made his statement in motion to exclude, giving the reasons why any such was not admissible, thus giving the trial court a chance to rule upon the objections made. M., K. & T. Ry. Co. v. Johnson, 95 Tex. 409, 67 S. W. 768.

[4] The third, that Dr. Berry, a witness for plaintiff, was permitted to testify in reply to questions asked by plaintiff that he had testified for certain railroads in similar cases, was error, because immaterial etc., the propositions being that there had been no attempt to impeach the witness, nor his testimony attacked in any way; therefore it was error to admit evidence in support of his credibility.

The bill of exceptions shows that the defendant asked witness if he was to be paid by plaintiff for coming to court, and the amount of his fee, etc. We therefore think the questions and answers complained of do not present reversible error, especially in view of the fact that we fail to see how such questions and answers could have or likely did affect the verdict. Other physicians testified fully as to the extent of plaintiff's injuries.

[5] The fourth:

"The court erred in refusing to permit the witness, Mrs. Parmeter, to testify that within two or three days after plaintiff went to the hospital at Fort Stockton he became in a toxaemic condition, due to eating and drinking and lack of bowel movement, and that this caused fever, but that said toxaemic condition responded to treatment, was rejected on the objections of the plaintiff that the witness was not qualified to testify, and which action of the court was error, because it was shown by the witness' testimony that she was qualified to testify as to such matter, and because said testimony was pertinent and material to show that the fever which the plaintiff had for the first few days after reaching the hospital was not due to the injuries he received or to any infection of the lungs or pleural cavity as contended by plaintiff, all as is more fully shown by defendant's exceptions reserved at the time."

From the evidence in the record, we could consistently hold that the witness was not qualified to express the opinion called for, but, if she were, we fail to see how the fact that the plaintiff "became in a toxaemic condition a few days after the accident from eating and drinking" tends to prove any matter urged as a defense. If we concede that the then fever condition was caused as suggested, such evidence in no way tends to prove that the plaintiff is not now laboring under total disabilities which were proximately caused by the accident.

The fifth charges error in refusing to give this special issue at the request of appellant:

"What was the distance from the crossing, where the automobile attempted to cross, to the caboose on the passing track?"

[6] The theory upon which this charge was requested is that, if the jury had found that there was 60 to 70 feet of unobstructed track along which the engine, which struck the machine in which plaintiff was riding, passed before it struck the automobile, it would be a finding that plaintiff was guilty of negligence, and upon it a judgment should have been entered for defendant. This was a closely controverted question of fact, but merely an evidentiary fact to be considered by the jury with other facts in evidence in arriving at their answer to the question propounded by the court as to whether plaintiff was guilty of negligence, and in no event could it be conclusive of the issue of negligence.

[7] The sixth, sixth-a, seventh, seventh-a, eighth, ninth, tenth, twelfth, fourteenth, nineteenth, twentieth, twenty-ninth, thirty-fifth, thirty-eighth, and thirty-ninth all complain of the refusal of the court to give special charges requested, and are overruled because the charge given contained all the issues required to be submitted under the pleading and evidence. The eleventh, twenty-first, twenty-second, twenty-sixth, twenty-

seventh, twenty-eighth, thirtieth, thirty-first, thirty-second, thirty-third in one form or another urge that the answers of the jury to the questions propounded are not supported by the evidence, are contrary to the evidence, etc.; in other words, they raise the question of the sufficiency of the evidence to support the verdict. The answer is that we find sufficient evidence to support the findings of the jury upon the material acts of negligence charged.

[8] The thirteenth urges that the court erred in charging the jury that the burden was upon the defendant to prove contributory negligence upon the part of plaintiff. There was nothing in plaintiff's pleadings to indicate that he was guilty of contributory negligence and nothing in his evidence to suggest it; but, on the other hand, he has, by the evidence of his witnesses, clearly shown that he was not so guilty; when such is the case, the burden is upon the defendant. Railway Co. v. Shieder, 88 Tex. 162, 30 S. W. 902, 28 L. R. A. 538.

[9] The fifteenth, sixteenth, seventeenth, and eighteenth are based upon objections of appellant to the questions submitted by the court upon the issue as to whether the defendant was guilty of negligence in failing to ring the bell and blow the whistle 80 yards distant from the crossing, upon the ground that the evidence did not warrant the submission of the question. We are of the opinion that the pleadings and facts called for the submission of the issue, but, if not, appellant requested its submission by offering a special issue to the same effect, and, if error, it was invited.

The twenty-third, twenty-fourth, and twenty-fifth are to the effect that there is no evidence to authorize the court's charge nor the verdict thereon upon the issue of actionable negligence because of excessive rate of speed at which the engine was being operated.

It could serve no purpose to quote the evidence, so we simply answer the assignments by saying that there is sufficient evidence to warrant the charge and to justify the verdict.

[10] The thirty-fourth and thirty-fifth charge that the charge of the court is "deficient and erroneous" because it failed to submit the question as to whether or not the driver of the automobile was the agent or under the control of the plaintiff, so as to charge plaintiff with his negligence in causing the accident. The court submitted the following:

"Was Gentry Murray guilty of negligence in connection with the collision of the engine and automobile in failing to discover the approach of said engine in time to have avoided the collision? Answer: No."

Murray was the driver of the machine which was hired by plaintiff. If he was not negligent it could make no difference whether he was the servant or agent of plaintiff or not, and the jury found that he was not guilty of negligence.

[11] The thirty-seventh, thirty-eighth, thirty-ninth, and fortieth are that the court erred in refusing to submit to the jury the issue as to whether plaintiff and one Greber, who was also in the car at the time of the accident, were engaged in a joint enterprise, for the reason that in such case, if the jury so found, his negligence would be imputed to plaintiff. We know of no authority for such a proposition of law, and appellant has cited none.

[12] The forty-first is that the verdict for $8,500 is excessive. The evidence shows that appellee, at the time of his injury, was 40 years of age; was secretary and general manager of a telephone company; his salary, at the time of his injury, was $125 per month, and had been recently reduced because his company was not making much money. Prior to that time, his salary had been $175 per month. He owned stock in the company and interest in it. Before coming to Ft. Stockton, his salary with those for whom he had been working was $200 per month. The reason he was working for less money was that he was trying to build up the business of his company so as to get it upon a paying basis, that he was seriously and permanently injured. We think the evidence would sustain a much larger verdict.

The assignments are therefore overruled, and the cause affirmed.