## BAKER v. SPARKS. (No. 694.)

(Court of Civil Appeals of Texas. Beaumont. May 20, 1921. Motion for Rehearing Denied Nov. 23, 1921.)

**1. Appeal and error ⬤══1040(16)—No error in overruling exception when issue not submitted to jury.**

There was no error shown in overruling exceptions to allegations of the petition where the issue raised by such allegations was not submitted to the jury.

**2. Appeal and error ⬤══494—Ruling on exceptions not reviewable when shown only by bill of exceptions.**

Under District Court rules 53 and 65 (142 S. W. xxi, xxii), rulings on exceptions to pleadings cannot be reviewed when there is no judgment thereon in the record, and the only record of the ruling is by bill of exception.

**3. Appeal and error ⬤══882(14)—Error, if any, in instruction on contributory negligence invited.**

In action for personal injuries received at a railroad crossing, the submission of the issue of contributory negligence in general language, if error, was invited error, where the court is unable to draw a distinction between the issue submitted and a charge requested.

**4. Trial ⬤══352(1)—Special issue as to proximate cause held proper.**

A special issue whether the failure of plaintiff, if he did fail, to exercise ordinary care while approaching a railroad crossing, proximately caused, or contributed to cause, his injuries was not subject to criticism, where the court defined ordinary care and proximate cause.

**5. Trial ⬤══219—Definition of term not used by special issues not required.**

Where a special issue asked whether plaintiff failed to exercise ordinary care at a crossing, and did not use the words "contributory negligence," no definition thereof was necessary.

**6. Trial ⬤══351(5)—Party not entitled to general submission and special submission of same issue.**

In action for personal injury at a railroad crossing, refusal to submit to the jury special questions calling for findings on the different issues of contributory negligence was not error, where defendant had asked that this issue be submitted generally; defendant not being entitled to a general and also a special submission of the same issue.

**7. Trial ⬤══350(7)—Special questions raising only evidentiary issues properly refused.**

In action for personal injury received at a railroad crossing, special issues regarding plaintiff's failure to look or listen for the approaching train, his use of liquor, and his failure to comply with an ordinance or statute as he approached the crossing, were properly refused, where they ignored the issue of proximate cause, as such omissions would not necessarily have been the proximate cause, and the questions therefore raised only evidentiary issues.

**8. Appeal and error ⬤══901—Burden on appellant to show propriety of rejected issues.**

Defendant, complaining of the court's refusal of special issues as to omissions claimed to constitute contributory negligence, had the burden of showing that an affirmative answer would have convicted plaintiff of contributory negligence.

**9. Trial ⬤══252(9)—Instruction on negligence of party riding in auto approaching a railroad crossing properly refused.**

In action for injuries received at a railroad crossing, a request for instruction regarding the driving of an auto at a rate not to exceed six miles an hour on approaching a railroad crossing, and that the statute contemplated parties "riding in the auto as well as the driver," were properly refused; it not being shown as a matter of law that plaintiff had charge of the driving so that the parties were engaged in a joint enterprise.

**10. Trial ⬤══248—Abstract instruction as to minimizing damages properly refused.**

In an action for injuries, an instruction that the jury must determine whether plaintiff's damage was possibly caused from any negligence of defendant, and in doing so should determine whether any acts or omissions on his part had further incapacitated or prolonged the time for recovery, was properly refused, as a mere abstraction, giving the jury no instruction as to their verdict.

**11. Trial ⬤══251(9)—Instruction as to minimizing damages properly refused when not raised by pleadings.**

In an action for injuries, an instruction as to aggravation of the damages by any act of omission of plaintiff was properly refused, when the issue was not raised by the pleadings.

**12. Damages ⬤══62(2)—Party injured only bound to exercise ordinary care to effect recovery.**

An injured party is only bound to use ordinary care and prudence in treating and taking care of himself after injury, and any act or omission of his not amounting to want of ordinary care will not affect his recovery.

**13. Appeal and error ⬤══742(6)—By court rule, only questions reviewed that are presented fully and fairly.**

Under Circuit Court of Appeals rule 31 (142 S. W. xiii), where appellant has not made a full and fair statement of the testimony introduced on the issue of damages, he is not entitled to have his assignment of error, on account of excessive damages, reviewed.

Appeal from District Court, Robertson County; John Watson, Judge.

Action by W. A. Sparks against Jas. A. Baker, as receiver of the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Henderson & Ranson, of Bryan, J. L. Goodman, of Franklin, and John M. King, of Houston, for appellant.

J. C. Scott, of Corpus Christi, K. W. Gilmore, of Houston, and Perry & Woods, of Franklin, for appellee.

WALKER, J. Appellee was injured in a railroad crossing accident, and on a trial to a jury judgment was rendered in his favor for $2,500. We refer to Baker v. Streater, 221 S. W. 1039, a companion case with this case, for a full statement of the facts of the accident.

[1, 2] Appellant duly excepted to plaintiff's petition—

"wherein it is alleged that there was no flagman or other employee of the defendant stationed at said crossing to give warning of the approach of any train, for the reason that there is no ordinance or statute requiring the defendant to have a flagman stationed at said point, nor are there circumstances or facts pleaded in said petition that would require a flagman to be stationed at said crossing, and of this defendant prays judgment of the court."

He also excepted to the further allegation that such negligence was the proximate cause of the plaintiff's injury. No error is shown under these assignments. The issue thus raised by plaintiff's petition was not submitted to the jury. 4 C. J. 934. We should add further that this record reflects no judgment of the court on said exceptions. We are without authority to review the ruling of the trial court on exceptions to pleadings, where, as in this case, the only record of such ruling is by bill of exception. District Court Rules 53, 65, 142 S. W. xxi, xxii; Withers v. Crenshaw, 155 S. W. 1189; Ilseng v. Carter, 158 S. W. 1163; King-Collie Co. v. Wichita Falls Warehouse Co., 205 S. W. 748.

[3] The issue of contributory negligence of the plaintiff was submitted to the jury by questions 4 and 5, which were as follows:

"(4) Did the plaintiff, W. A. Sparks, while approaching the said crossing, fail to exercise ordinary care to avoid injury from passing trains?"

"(5) If you should answer special issue No. 4 in the affirmative, then, and in that event only, answer this question: Did the failure of plaintiff, if he did so fail, to exercise ordinary care, while approaching said crossing, proximately cause, or contribute to cause, the injuries, if any, sustained by him?"

As a part of his charge, the trial court instructed the jury as follows:

"The duty of the public and a railway company are reciprocal to the rights of each other, made so by public necessity and convenience, and one approaching a railroad crossing must exercise proper precaution to avoid injury from passing trains."

The issue of contributory negligence was specially pleaded by defendant, and, as stating the general nature of his plea, we give the objections and exceptions to question 4:

"This question submits contributory negligence in a general way, but it does not submit any of the issues as pleaded by the defendant and as shown by the evidence, the defendant having the right to have such issues on the plea of contributory negligence submitted by the court in this case; and he fails to submit any of same. He does not submit the question of contributory negligence on the part of the plaintiff in failing to look and listen for an approaching train; he does not submit the question of his recent use of ardent spirits, nor does he submit the question of riding in an automobile approaching a crossing in not complying with the statutory requirements that same be slowed down to a speed within six miles per hour and continuing at said speed until all danger of the crossing is passed, nor does he submit the question of violation of the ordinance in riding an automobile at a greater rate of speed than eight miles an hour in the city of Franklin and other issues pleaded."

If the court was in error in thus submitting this issue, it was invited error, of which appellant cannot complain. He specially requested the court to give to the jury the following charge:

"The duty of the public and railway company are reciprocal to the rights of each other, made so by public necessity and convenience, and one approaching a railroad crossing must exercise proper precaution to avoid injury from passing trains."

[4, 5] It appears from an examination of this charge that the first part of it was given to the jury by the court, and we are not able to draw a distinction between question 4 as submitted and the one requested. Railway Co. v. Durrett, 187 S. W. 427. Proximate cause, as submitted in question 5, is not subject to criticism. A finding of negligence against the plaintiff, and that such negligence was the proximate cause of his injury, would have convicted him of contributory negligence. The court correctly defined to the jury "ordinary care" and "proximate cause." As they were not asked whether plaintiff was guilty of "contributory negligence," an abstract definition of that term could not have aided them in answering questions 4 and 5.

[6] Appellant complains of the refusal of the court to submit to the jury his special questions calling for findings on the different issues of contributory negligence raised by his answer. The refusal of these questions was not error. He had asked that this issue be submitted generally, and this was done, almost in the exact language of his request. If he wanted the issues raised by his answer submitted to the jury, he should not have asked for a general submission. Certainly, he was not entitled to a general

submission, and also a special submission of the same issue.

[7-9] In submitting these questions, appellant ignored the issue of proximate cause in all of them except one. Had plaintiff been guilty of negligence in failing to look or listen for the approaching train or in the use of intoxicating liquor, or in failing to comply with the city ordinance or the statute, as he approached the crossing, or in any of the other matters raised by appellant's answer, it would not necessarily follow that such negligence was the proximate cause of his injury. Appellant does not even advance a proposition that such negligence would have been the proximate cause as a matter of law. The burden rested on him to show that an affirmative finding on such issues would have convicted appellee of contributory negligence. These questions then raise only evidentiary issues, and the court correctly refused to submit them to the jury. Railway Co. v. Diaz, 234 S. W. 919, not yet officially reported. The requested issue above referred to, in which appellant did embody proximate cause, is as follows:

"You are instructed that, where one drives an automobile upon a street or highway of the city where said street crosses the railroad crossing, and said railroad crossing is obscured, or partly obscured, and there are no gates or flagman at said crossing, said automobile at a point within 30 feet of said crossing must slow down to a speed of six miles per hour; that the foregoing is provided for by penal statutes, and that it is contemplated by the statute to cover parties riding in said automobile as well as the driver thereof. Bearing in mind the foregoing instruction, you will answer this question: Did the automobile in which plaintiff was riding, within 30 feet of the said crossing of said main line track, slow down to a speed of six miles an hour?

"If you answer the foregoing question in the negative, then in that event only answer the following question: Did the failure to slow down said automobile to six miles an hour within 30 feet of said crossing contribute or co-operate to cause the collision?"

In this charge, appellant was in error in stating that the statute referred to covered "parties riding in said automobile as well as the driver thereof." There may be conditions under which that statement would be the law, but appellant makes no statement from the record showing that it was the law in this case. Appellant does not even contend that it was shown as a matter of law

that plaintiff had charge of the driving of the car, or that the parties were engaged in a joint enterprise.

[10-12] Appellant's thirteenth assignment of error is based on the refusal of the following charge:

"You are instructed that in passing upon the damages of plaintiff you must determine first whether his damage was possibly caused from any negligence of defendant, and in so doing you are to determine whether any acts or omission on his part has further incapacitated or prolonged the length of time of his recovery?"

This charge was correctly refused, for the following reasons: (1) It is a mere abstraction and gives the jury no instruction as to their verdict; (2) the issue was not raised by the pleadings; (3) it placed an absolute duty on the plaintiff to do nothing that would aggravate his injuries, while he was only required to use "ordinary care and prudence in treating and taking care of himself after such injury, and any act or omission on his part, not amounting to want of ordinary care, would not affect his right of recovery."

[13] We shall not review the assignment complaining of the verdict as being excessive. Under this assignment, appellant gives a small excerpt from plaintiff's testimony, covering about two-thirds of a page of his brief. To meet the issue thus raised, appellee has been forced to make a statement of 8 or 10 pages from the record. To have this issue raised, the burden rested on him to make a full and fair statement of the testimony introduced on that issue. Having failed to do this, he is not entitled to have his assignment reviewed. C. C. A. Rule 31, 142 S. W. xiii; Railway Co. v. Muecke, 105 S. W. 1011; 4 C. J. 869 et seq.; Railway Co. v. Hanson, 58 Tex. Civ. App. 584, 125 S. W. 63; Railway Co. v. Houlihan, 93 S. W. 496; Railway Co. v. Pemberton, 170 S. W. 109; Russell v. Old River Co., 210 S. W. 705. We will add, however, that the verdict is fully sustained by the testimony.

Under his fifteenth assignment of error, appellant advances the proposition that plaintiff was guilty of contributory negligence as a matter of law. This question was decided against him in Baker v. Streater, supra, and we will not further discuss it here.

Finding no errors in this record, the judgment of the trial court is in all things affirmed.