### SUBLETT v. BUTTRILL. (No. 1427.)*

(Court of Civil Appeals of Texas. El Paso. March 22, 1923. Rehearing Denied April 19, 1923.)

1. Appeal and error ⊂⊃742(1)—That statement was not pertinent to proposition overlooked where error fundamental.

In suit between partners for amounts due under their contract and for an accounting, where error was assigned to the granting of a peremptory instruction for defendant in a named sum because of testimony permitted to be offered, and that the instruction contained items that were for the jury, but the record is silent to show how the court arrived at the sum instructed for except by reference to the auditor's report, the statement under the proposition identifying the items in the report will be accepted, though the statement is not pertinent to the proposition, since instructed verdict presents fundamental error.

2. Reference ⊂⊃100(3)—Exceptions to auditor's report filed after trial begun held too late to require test of findings by testimony at trial.

In view of Rev. St. art. 2126, which provides for the admission of an auditor's report in evidence that it may be contradicted where exceptions shall have been filed before trial, exceptions to a report filed after trial was begun come too late to require the court to test the auditor's finding by hearing testimony at trial.

3. Reference ⊂⊃100(6)—Refusing evidence not offered before auditor not error.

In suit between partners for amounts due under a contract and for an accounting, where an auditor was appointed and a report filed, refusal to permit proof of an item not offered in evidence before the auditor was not error.

4. Reference ⊂⊃105—Exceptions to auditor's report not proper matter for jury's consideration.

Objections and exceptions to the report of an auditor are not proper matter for the jury, and hence error cannot be predicated on the refusal to permit the reading of amended objections and exceptions to such report.

Appeal from District Court, Brewster County; Jas. Cornell, Judge.

Suit for an accounting by J. L. Sublett against Clyde Buttrill. Judgment for defendant, and plaintiff appeals. Affirmed.

Mead & Metcalfe, of Marfa, for appellant. W. B. Teagarden, of San Antonio, and Martin & Perkins, of Alpine, for appellee.

HARPER, C. J. Appellant brought this suit against appellee, alleging a partnership in the operation, improvement, and management of a farm and ranch and a general store. The written agreement is attached, also an itemized statement of the several amounts due plaintiff under this contract. He prayed for an accounting, and for final judgment for $2,026.19.

Defendant pleaded general denial; that there had been no profits, but a great loss, which the books kept by plaintiff failed to explain; charged that merchandise, etc., had been converted by plaintiff; and set up items claimed and pleaded final settlement.

An auditor was appointed, hearing had, and a detail report filed. Defendant filed exceptions to the report prior to the trial.

We find in the record an instrument called "Amended Objections and Exceptions to the Auditor's Report," filed by plaintiff August 15, 1922, but not an original. The judgment recites that the cause came on for trial August 14th, and both parties announced ready for trial. At the close of the testimony the court instructed the jury to find for the defendant in the sum of $530.84, which was done, and judgment was entered accordingly; from which an appeal has been perfected.

[1] The first proposition is that—

"The court erred in giving peremptory instruction for the defendant because * * * of the testimony permitted to be offered to the jury under the rulings of the court. The peremptory instruction contained item No. 1, paragraph 13, auditor's report, Sylbas wheat crop, $178.50; item 11, Sublett's board $25 per month, $450; item 15, six months' salary, Buttrill, $600; and item 16, collected by Sublett, $441.88—all of which items the jury were instructed to find against the plaintiff, * * * and the evidence offered was sufficient to require that they be submitted to the jury."

There is nothing in the record to show how the court arrived at the sum instructed for, nor the items considered and those rejected, unless it be a list of items on the next page from the motion to instruct, apparently taken from the auditor's report, which totals $530.84; but this list only contains one of the items named in the proposition, so we cannot say that the court instructed against appellant as to the items contained in the proposition.

By the statement our attention is called to the fact that the items contended for are Nos. 1, 11, 15, and 16 of the auditor's report. This is in no way pertinent to the proposition; but since it is now settled that an instructed verdict presents fundamental er-

---

ror, we take up the matter from that standpoint.

[2] There was no objection to the appointment of the auditor, and his report seems to be complete on all matters about which any evidence was offered at the hearings before him. And this report shows a balance due to appellee of either $5,003.75 or $4,334.06, dependent upon a 10 per cent. provision in the contract.

The statute (article 2126, R. S. Civ.) provides for this report to be admitted in evidence, "but may be contradicted by evidence from either party where exceptions to such report, or of any items thereof, shall have been filed before the trial." The transcript contains an "amended exception and objection to the auditor's report," but this was filed after the trial and on the second day thereof. There is nothing to indicate that the original was filed before the trial, nor that it was stricken out, and no order of the court permitting the filing of this amendment; so since the report contains findings upon the items complained of (Baker v. Sparks [Tex. Civ. App.] 234 S. W. 1109) the exceptions came too late to require the court to test these findings by hearing testimony upon the trial (Boggs v. State, 46 Tex. 10; Whitehead v. Perie, 15 Tex. 7; Eagle Mfg. Co. v. Hanaway, 90 Tex. 581, 40 S. W. 13; Dupuy v. Dawson [Tex. Civ. App.] 147 S. W. 698; Arlington H. R. Co. v. Citizens' Ry. & Light Co. [Tex. Civ. App.] 160 S. W. 1109). The fact that the court instructed a verdict considering all the facts does not indicate that these items were found against plaintiff, nor otherwise than as reported by the auditor.

We could properly close this opinion with this holding, that there was no timely exception to the auditor's report, because all the other matters assigned as error are dependent upon the right to introduce evidence, but the next matter discussed does not seem to be concluded by the report.

[3] The contract of partnership provided that, if a sale of the lands upon which the farming was to be done should be made, appellant should receive 10 per cent. of the sale price. Appellant admitted that this was paid upon the sale, but pleaded that it did not cover his interest in the profits upon the partnership property, such as the value of the crops upon the land at the date of the sale, and, by assignments and propositions, urges that the court erred in refusing to permit him to offer proof to this effect. The auditor's report showed that, if appellant were allowed the full value of the crops, etc., he would still owe appellee $4,334.06. The reason assigned for refusing to permit this proof is that appellant failed and refused to offer any evidence before the auditor; therefore he would not be permitted to open up the question upon the trial, though the auditor's report has been properly excepted to. This seems to be the settled rule under the authorities cited.

[4] It follows that it was not error to refuse appellant permission to read the amended objections and exceptions to the auditor's report. This was not a proper matter for consideration of a jury in any event.

Appellant's assignments and propositions fail to present reversible error, and appellee waives his cross-assignments that the litigation be ended.

Affirmed.