GULF, COLORADO & SANTA FE RAILWAY CO. v. E. B. WALLACE ET AL.

Delivered October 22, 1896.

**1. Railway Company—Burning Rail Fence—Cost of Wire Fence as Evidence.**

Where the plaintiff in an action against a railway company for damages for the burning of a rail fence testified that since the fire he had built a wire fence, and was in as good condition financially as before the fire, he may properly be asked what was the entire cost of constructing the wire fence in the place of the old one. Pleasants, Justice, dissenting,

**2. Same—Same—Measure of Damages.**

The measure of damages for the burning of a rail fence is not the actual market value of the fence at the time, but it is the value of the fence as an inclosure of plaintiff's land; and this is to be arrived at after a comparison of the respective costs of rail and wire fences, where the evidence shows that a wire fence will place plaintiff in as good condition.

APPEAL from the County Court of Washington. Tried below before Hon. E. P. CURRY.

*J. W. Terry* and *Chas. K. Lee,* for appellant.—The material inquiry in this case was the value of the fence—not the value of the material contained therein, and the trouble of building it. The property destroyed was valuable, not as rails, but as fence. While at some earlier date, this fence—because there was no other kind as serviceable that could be made cheaper—might have been worth the value of the rails and the cost of putting it up, if a character of fence equally as good has since such date been devised, which can be put up more cheaply, that fact would necessarily decrease the value of the rail fence. On the question what was the value of the rail fence, it was relevant to show the value of other styles and characters of fence that would serve the same purposes as well as the rail. 1 Sedgwick on Damages, p. 34 et seq.; Railway v. Guinan, 11 Tenn., 98; 13 Am. & Eng. R. R. Cases, 37; Railway v. Nicholson, 61 Texas, 491; Winne v. Railway, 31 Iowa, 587; Railway v. Key, 16 S. W. Rep., 406.

[No brief for appellees reached the Reporter.]

PLEASANTS, ASSOCIATE JUSTICE.—Appellees sued appellant, to recover of appellant the value of a post and rail fence, charged to have been destroyed by fire through the negligence of appellant, in the operation of its trains over its road. Plaintiffs alleged their damage to be

$137.30.  Upon trial before the Justice of the Peace, without a jury, judgment was rendered for plaintiffs for $125, with interest at 6 per cent. On appeal to the County Court judgment was again rendered for plaintiffs, which judgment was for $100.02, with 6 per cent interest from date of judgment; and from that judgment, after refusal of the court to grant it a new trial, the defendant appealed to this court.  There are several assignments of error, but we deem it necessary to notice in this opinion but two of them.

On the trial of the cause, one of the plaintiffs testified as follows: "Live in Gay Hill.  January 12, 1895, I had destroyed by fire about 195 panels of rail fence.  In making out my claim I put in one-half of rails as cedar, and one-half oak; cedar rails were good, and oak rails picked.  I know market value of cedar and oak rails; I know what is reasonable price for building fence at Gay Hill; reasonable market value of cedar rails is ten cents each, and of oak rails five cents each; $25 is a reasonable price for labor in building such a fence as was destroyed; 682 cedar rails, at ten cents each, amounts to $68.20; 682 oak rails, at five cents each, amounts to $34.10.  The cost of building is reasonably worth $25, making a total of $127.30.  The cedar rails destroyed had been in use for twelve or fifteen years; the oak rails had been in use for about the same time.  I had picked the oak rails about three years ago when I rebuilt the fence; they were all sound and good."  Cross-examined:  "A new barb wire fence of four wires, with new posts would place me in as good a financial condition as before the fire."  At this point defendant's attorney asked the witness what would be the entire cost of constructing a barb wire fence of this description; to which plaintiff's attorney objected, which objection was by the court sustained, and to this ruling of the court defendant excepted.

The appellant assigns as error the following: "The refusal of the court to permit the defendant to prove what was the actual cost of rebuilding and replacing the rail fence destroyed with a new post and wire fence, after E. B. Wallace, one of the plaintiffs, had testified that since the destruction of the rail fence, he had built a new barb wire fence, and that he was then in as good condition financially as before said rail fence was destroyed by fire."

This court is of the opinion that the trial court erred in not permitting the defendant to make proof of the cost of building the wire fence testified about by the witnesss Wallace; and that the cost of constructing such a fence would be a pertinent and material fact for the consideration of the jury in determining the value of the fence destroyed, which value is the measure of damages.

The charge of the court that the actual market value of the plaintiff's fence at the time of destruction was the measure of damages, was error. The value of the fence as an enclosure of plaintiff's land is the measure of damages; and in arriving at that value, the jury may consider the costs of the rails and the costs of putting them into the fence; in other words, the cost of building the fence, including both the material and

the labor necessary to construct it; and the jury should also consider the cost of building the wire fence, and thus, from a comparison of the respective costs of the fences, and from any evidence which may be offered, tending to show that rail fences are being superseded by wire fences, determine the value of the destroyed fence.

The writer, differing from the other members of the court, is of the opinion that evidence as to the value of the wire fence is not admissible, until it be first shown by evidence that such wire fence would. be as. durable and permanent, and as efficient as an enclosure, as the rail fence; and upon proof of this, the cost of the wire fence, if not in excess of the alleged value of the rail fence, would be the plaintiff's measure of damages.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*