## MAUNDERS v. HANKS.  (No. 280.)

(Court of Civil Appeals of Texas.  Waco.
Dec. 17, 1925.)

**1. Trial ☞337—Jury governed by charge as given.**

Jury is required to accept the law as given to it by the court in its charge, as required by Rev. St. 1925, art. 2184, and be governed accordingly.

**2. Evidence ☞348(2)—Pleadings filed in another state, authenticated merely by clerk of court, are not admissible.**

Petition and answer, filed in court of another state, in which suit was originally filed, but authenticated only by a certificate of clerk of that court, are not authenticated as required by Rev. St. U. S § 906 (U. S. Comp. St. § 1520), and hence are not admissible in evidence as certified copy of records of another state.

**3. Evidence ☞347—Pleadings filed in another state not admissible, where not in rebuttal or contradiction of testimony, though showing that there was no cross-action in previous suit.**

Pleadings, filed in court of another state, in which suit was originally filed, not being in rebuttal of any testimony by defendant nor in contradiction thereof, even if properly certified, should be excluded, nor are such pleadings admissible to show that defendant in first suit did not file cross-action as was done in second suit.

**4. Appeal and error ☞494—Exceptions to pleadings not passed upon unless shown to have been acted upon by trial court.**

Appellate court is not authorized to pass on ruling of trial court on exceptions to pleadings, where preserved only by bill of exception, unless there is judgment or order on the minutes which show they were presented to and acted upon by trial court.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Suit by H. D. Hanks against J. E. Maunders, in which defendant filed a cross-action. Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

Frank C. Bolton, of Mexia, for appellant.
Jas. E. Gresham, of Mexia, for appellee.

BARCUS, J.  Appellee instituted this suit against appellant to recover $474.56, which he claimed was the balance due him for "certain team work, horse hire, and labor" which he performed for appellant at the rate of $15 per day per team for hauling and team work and $6 per day for the use of saddle horses. He alleged that the total amount of work performed was $2,674.50, and he had been paid $2,200.  Appellant answered by plea of payment, and for cross-action alleged that appellee was to work at the rate of $15 per day, and that he had by mistake overpaid him on said basis $180.  He further alleged that, under the contract he had with appellee, he was to haul at least nine joints of pipe per load, and that he did not haul more than six or seven, and by reason thereof appellee had been overpaid $643.56, for which two items, totaling $823.56, he asked judgment.

The cause was tried to a jury, and, omitting the caption, was submitted on the following charge:

"Gentlemen of the jury, in this case H. D. Hanks, plaintiff, brings suit in county court against J. E. Maunders or Elmer Maunders, defendant, wherein plaintiff sues the defendant for the sum of $474.56, alleged to be due the plaintiff by the defendant on a contract as teamster for hauling of pipes for the defendants; said contract being performed at the special instance and request of the defendant. Defendants in their answer say that they do not owe the plaintiff said amount sued for in this case, that the plaintiff has been overpaid for his services in the amount of $823.56, and that defendants in their cross-action ask judgment against the plaintiff for said amount as set forth in their cross-action and the plaintiff take nothing by his suit.  Now, gentlemen of the jury, if you find by the cross-action of the defendant that all of the work performed for him by plaintiff was day work, in Exhibit A, then you may render judgment for defendant on his cross-action in the sum of $180, or such other amount, if anything, in your judgment he is entitled to recover on his cross-action.  And, if you find that the items specified in Exhibit B were contract items, then you may find further for the defendant on his cross-action in the sum of $643.56, or such other amount, if anything, in your judgment he is entitled to on his cross-action.  In all civil cases the burden of proof is upon the plaintiff to prove his case by a preponderance of the testimony.  You are the exclusive judges of the facts proved, of the credibility of the witnesses, and the weight to be given their testimony, but the law you are bound to receive from the court is herein given you, and be governed thereby."

The jury returned the following verdict:

"We, the jury, agree to give the plaintiff, H. D. Hanks, judgment for $459.50."

The trial court entered judgment for the plaintiff for $459.50, but did not expressly dispose of the cross-action of appellant.

[1] Appellant, by proper assignments of error, contends the verdict of the jury and judgment of the trial court based thereon is erroneous, because it is not supported by the charge, in that the charge does not under any condition authorize or permit the jury to find a verdict for appellee.  Article 2184 of the Revised Statutes provides that the court shall, unless same is expressly waived, deliver a written charge to the jury on the law of the case, or submit same on special issues.  The jury is required to accept the law as given to it by the court in its charge and be governed accordingly.  Counsel in their briefs do not

cite, and we have been unable to find, any cases directly in point on the question here presented. It is apparent that it was an oversight on the part of the trial court that the charge omitted the instruction authorizing a recovery by appellee (plaintiff). No objection was made to the charge by either party. The verdict of the jury was supported both by the testimony and the pleadings. Since this cause must be reversed on other grounds, we do not think it is necessary to and we do not pass upon the question whether a verdict supported by the pleadings and evidence, but not authorized by the charge, will support a judgment. We think the trial court should be careful to see that the charge submits all the issues of both plaintiff and defendant raised by the pleadings and testimony.

[2, 3] It appears from the record that appellee originally filed his suit against appellant in a circuit court in the state of Arkansas. Over appellant's objection, appellee was permitted to read in evidence a certified copy of his petition and appellant's answer filed in said court; said copy being authenticated only by the certificate of the clerk of the court in which same was filed. Appellant objected to said copies because same were irrelevant and immaterial and prejudicial, and because same were not authenticated as required by law for the introduction of foreign papers and records. We sustain this assignment. Before any certified copy of records from a foreign state can be offered in evidence, they must be authenticated as is required by article 906 of the United States Statutes, being paragraph 1520 of the United States Compiled Statutes of the West Publishing Company. Newson v. Langford (Tex. Civ. App.) 174 S. W. 1036; Milwaukee Gold Extraction Co. v. Gordon, 37 Mont. 209, 95 P. 995; Wilcox v. Bergman, 96 Minn. 219, 104 N. W. 955, 5 L. R. A. (N. S.) 938. The instruments were not in rebuttal of any testimony given by appellant nor in contradiction thereof, and, under the facts in this case, if they had been properly certified, should have been excluded. Appellee takes the position they were admissible for the purpose of showing appellant did not in his answer to the suit in Arkansas file any cross-action. We do not agree with this contention. Hall v. Williams (Tex. Civ. App.) 267 S. W. 520.

[4] Appellant complains of the action of the trial court in overruling his special exception to appellee's petition to the effect that the petition was too general, in that it failed to give the dates or time when the work was performed. The ruling of the court on the exception is preserved only by a bill of exception. The appellate court is not authorized to pass on the ruling of the trial court on exceptions to the pleadings, unless there is a judgment or order on the minutes which shows they were presented to and acted upon

by the trial court. Baker v. Sparks (Tex. Civ. App.) 234 S. W. 1109, and authorities there cited. Since the cause, however, is to be reversed, in view of another trial, if the exception is urged, it should be sustained, and appellee should be required to plead more fully his cause of action.

The other questions presented by the record will not likely arise on another trial. For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.