**NEWTON COUNTY v. ELLIS.   (No. 1393.)**

(Court of Civil Appeals of Texas.   Beaumont.   May 19, 1926.)

**1. Appeal and error ⚖️713(3).**

Ruling of trial court on exceptions taken to petition, when shown only by bills of exception, cannot be considered on appeal, in view of district and county court rules 53 and 65.

**2. Counties ⚖️75(3)—Petition in action by county engineer against county for breach of contract, containing contract and certain items of rent and purchase, without alleging that county agreed, or was required, to pay therefor or showing county's liability therefor, held insufficient.**

In action by county engineer against county for alleged breach of contract, under which county was to furnish engineer all necessary materials and supplies, when requisitioned through proper channels and sufficient rooms with proper equipment, petition attaching copy of contract and exhibit of items of rent and purchase, without alleging obligation on part of county to furnish them, or that they were requisitioned through proper channels, or that articles purchased were within intendments of contract, or that office furnished was inadequate, *held* insufficient.

**3. Pleading ⚖️387.**

Proof without allegation is as fatal as allegation without proof, for, to make a case, both must be present.

Appeal from District Court, Newton County; V. H. Stark, Judge.

Action by V. O. Ellis against Newton County. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

A. D. Lipscomb, of Beaumont, and A. A. Miller and J. B. Forse, both of Newton, for appellant.
Mooney & Hamilton, of Jasper, for appellee.

O'QUINN, J. Appellee sued appellant for alleged breach of contract, and sought to recover certain items of alleged indebtedness. Appellee answered by general demurrer, numerous special exceptions, and general denial. The case was tried to a jury upon special issues, upon the answers to which judgment was rendered for appellee in the sum of $533.50.

[1] Appellant presents and urges numerous assignments and propositions, to the effect that the court erred in overruling and not sustaining its special exceptions to appellee's petition and the exhibits thereto. Other than bills of exception, there is nothing in the record to show the action of the court on the special exceptions mentioned. Rules 53 and 65 governing procedure in the district and county courts require that the action of said courts in ruling upon pleadings and all other matters constituting the record proper must be shown by the record, and not by bill of exception. Where, as in the instant case, the ruling of the court on exceptions taken to the petition is shown only by bills of exception, same cannot be considered on appeal. Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469; Baker v. Sparks (Tex. Civ. App.) 234 S. W. 1109; Maunders v. Hanks (Tex. Civ. App.) 278 S. W. 507.

[2, 3] Appellant's first assignment is that its general demurrer to appellee's petition should have been sustained, and its fourteenth assignment presents fundamental error, in that the evidence, considered as a whole and in its most favorable light to appellee, does not show a cause of action against appellant, but that same shows a claim in the nature of an effort to charge appellant with items of indebtedness without authority, and wholly collateral to the issues involved growing out of the contract between the parties. We think both assignments should be sustained, and we shall consider them together.

Appellee alleged a written contract with appellant for his services as an engineer, and attached a copy of the contract to his petition as an exhibit, to be considered as a part of the petition. This contract showed that appellant had agreed to pay appellee $250 per month until terminated by written notice given 30 days prior to termination, and that appellant was "to furnish at its own cost and expense all of the materials and supplies necessary for the just and efficient prosecution of his work as county engineer, when requisitioned through the proper channels," and "to furnish free of cost to the engineer sufficient rooms in the county courthouse, or in some other convenient place, properly fitted and equipped for the use as an office for the county engineer"; the equipment including "all desks, tables, typewriters, chairs, and other office furniture necessary to equip such office and the necessary stationery and drafting material," etc.

The allegations of appellee's petition having relation to a breach of said contract are as follows:

"Plaintiff would further show that, in pursuance of said contract, he undertook to, and did perform, all the conditions thereof required of him by said contract, and that said contract has now terminated; that the said defendant has failed and refused to perform its part of the contract, and the matters and things in which they have failed, refused, and neglected to pay are fully set out in a certified statement, duly itemized, and which is attached hereto and marked Exhibit B and made part hereof, for all purposes.

"Plaintiff would further show that said account aggregates the sum of $533.50, and that said account has been presented to the commissioners' court of Newton county, Tex., and that the said court has failed and refused to pay the same or any part thereof, to his damage in the sum of six hundred dollars."

Exhibit B referred to in the petition, is as follows:

"Statement of Money Due V. O. Ellis for Furnishing and Equipping an Office While Serving as County Engineer of Newton County.

"Office rent:

| | |
|---|---:|
| January 1, 1923, to April 1, 1923, equals 3 months, at $5 per month | $ 15 00 |
| April 1, 1923, to April 15, 1925, equals 24.5 months, at $7.50 per month | 183 75 |
| "Rent on Monroe calculator: | |
| March 1, 1923, to September 15, 1923, 3 months, at $20 per month equals | 60 00 |
| 2½ months, at $15 per month | 37 50 |
| "Stationery: | |
| Collett the Printers, Kirbyville, Texas | 8 75 |
| Sub. total | $305 00 |
| $200 adding machine | 200 00 |
| $62.50 typewriter | 62 50 |
| Grand total | $567 50 |
| Rent on adding machine, 17 months, at $10 per month | 170 00 |
| Rent on typewriter, 17 months, at $3.50 per month | 58 50 |
| Grand total | $533 50 |

"Certified as correct to the best of my knowledge.
"V. O. Ellis."

The petition nowhere alleges the failure of appellant to do or to furnish anything for which it contracted. It does allege that appellant failed to pay certain items, but does not allege, nor does the copy of the contract show, that appellant bound itself to pay said items. Exhibit B, attached to the petition and made part of same, only sets out certain items of rent and purchase, without any explanation of them, and there is no allegation in the petition showing any obligation of appellant to furnish them. The contract declares that specified articles and an office were to be furnished appellee "when requisitioned through the proper channels," but the petition does not allege that any requisition was made on the county or any of its agents for either an office or the articles mentioned. The mere attaching of a copy of a contract as an exhibit to the petition cannot take the place of material allegations as to a breach of the contract, nor can an exhibit of items of

damage claimed supply allegations that same were proper and included in the contract, and that same were demanded, as provided in the contract, and that appellant failed and refused to furnish same. Appellee offered evidence that a calculator and adding machine were necessary and proper articles of office furniture. They were not enumerated as such in the contract, and to make them so it must be alleged in the petition that they were within the intendment of the contract. 13 C. J. 660, § 741; page 729, § 588; Guadalupe County v. Johnston, 1 Tex. Civ. App. 713, 20 S. W. 833; Maddox v. Craig, 80 Tex. 600, 16 S. W. 328; Grant v. Whittlesey, 42 Tex. 320. The proof without the allegation cannot avail, for proof without allegation is as fatal as allegation without proof. It is elementary and fundamental that to make a case both must be present. The same may be said as to the rent for an office away from the courthouse. In order to hold appellant for rent for such office, it was necessary to allege that the office furnished was not adequate, and that demand for another office was made and failed to be supplied, and that it became necessary for appellee to furnish same, for which he was entitled to charge appellant. In other words, the things within the contemplation of the contract that appellant failed to do should have beeen alleged, with whatever explanations, if any, as was necessary for their proper understanding. It was entirely proper to attach the contract as an exhibit, in the absence of pleading same in hæc verba, and also to have attached the exhibit showing the items of damage claimed, but this would not obviate the necessity of fully pleading the failure of appellant to live up to its contract, and showing by accurate allegations, not only the breach of same, but also the damage for each breach.

Believing that the petition was insufficient, and that the judgment should be reversed and the cause remanded for a new trial, it is so ordered.

Reversed and remanded.