### ASH ROBINSON V. THE STATE.

No. 21254. Delivered January 29, 1941.
Rehearing Denied March 12, 1941.

The opinion states the case.

*K. C. Barkley, Herbert G. Tigner, Peden, Johnson & Peden, Lawrence Du Mars, Henry Kahn,* and *Tom Branch,* all of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, *W. L. Cook* and *A. C. Winborn,* Assistant Criminal District Attorneys, all of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is swindling; the punishment, confinement in the penitentiary for seven years.

We quote from the indictment, in part, as follows:
"Ash Robinson, on or about the 8th day of June, A. D. 1938, in said county and state, did then and there unlawfully, falsely and fraudulently and by the use of false and deceitful pretenses and devices and fraudulent representations and by means of such deceitful pretenses and devices and fraudulent representations did obtain from Carl B. Ehman Five Thousand Dollars in money of the value of Five Thousand Dollars; the said Ash Robinson did obtain said money with the intent to defraud, the said money being then and there the personal property of and belonging to the said Carl B. Ehman, and the said Ash Robinson obtained said money with the intent to appropriate the same to his own use and benefit and with the intent to de-

prive the said owner of the value of the same, in this, to-wit:

"The said Ash Robinson then and there represented to the said Carl B. Ehman, that he, the said Ash Robinson, was the owner of an oil, gas and mineral lease covering three thousand acres of land in the State of Louisiana (said land being particularly described in the assignment of lease hereinafter set out) and that said land was very valuable as prospective oil producing property and that the said Ash Robinson would sell the said Carl B. Ehman an interest in the oil, gas and mineral lease covering said land for a consideration of fifty dollars per acre; and the said Ash Robinson, for the purpose of inducing the said Carl B. Ehman to purchase an interest in said oil, gas and mineral lease, falsely and fraudulently represented to the said Carl B. Ehman that the Humble Oil and Refining Company, a corporation, had offered to pay the said Ash Robinson Seven Hundred Fifty Thousand Dollars for said oil, gas and mineral lease, and further falsely and fraudulently represented to said Carl B. Ehman that the said Humble Oil and Refining Company had made a core test on said 3,000 acres of land and had found 165 feet of oil sand therein, meaning thereby that said Humble Oil and Refining Company had drilled into the ground at a point on said 3,000 acres of land and had removed from the ground a portion of sand saturated with oil, and that said removed portion indicated that there existed in the ground a stratum of oil-bearing sand 165 feet in depth, from which oil in commercial quantities could probably be produced; and by means of the aforesaid false and fraudulent representations the said Ash Robinson did obtain and acquire said money, to-wit, the sum of Five Thousand Dollars, from the said Carl B. Ehman and did then and there sell and deliver to the said Carl B. Ehman in exchange for said sum of Five Thousand Dollars, an assignment of an undivided one-thirtieth interest in and to the oil, gas and minerals underlying said 3,000 acres of land, * * *."

The assignment of the oil and gas lease is set out in the indictment, and thereafter allegations are made as follows:

"* * *; and the said Five Thousand Dollars was then and there delivered to the said Ash Robinson by the said Carl B. Ehman in exchange for said assignment of oil, gas and mineral leaseholds interest and the said Carl B. Ehman did then and there part with the title and possession of said money in consideration of the delivery to him of said assignment as aforesaid; the said deceitful pretenses, devices and representa-

tions so made by the defendant as aforesaid, were false and fraudulent and were known to be false and fraudulent by the said Ash Robinson at the time he so made them to the said Carl B. Ehman but were made by said Ash Robinson at the time with the intent to defraud the said Carl B. Ehman; and the said Carl B. Ehman believed the said deceitful pretenses and devices and false representations, and relied upon them, and in believing said deceitful pretenses devices and false representations to be true, and in believing that the said Ash Robinson had received an offer from Humble Oil and Refining Company to purchase said oil, gas and mineral lease for $750,000.00, and that said Humble Oil and Refining Company had made a core test on said land and had found 165 feet of oil sand therein, and in relying upon this, and believing that said assignment of leasehold interest would be of great value because of said purported offer to purchase by Humble Oil and Refining Company, and said purported core test, the said Carl B. Ehman, was induced to part with the title and possession of said money as aforesaid; whereas, in truth and in fact, the said Humble Oil and Refining Company had not offered to purchase said oil, gas and mineral lease for $750,000.00 and had not offered to purchase it at all, and said company had not made a core test on said 3,000 acres of land, and had not found 165 feet of oil sand therein, and had not found any oil sand therein; and the said Ash Robinson did secure the said $5,000.00 as aforesaid, from the possession of the said Carl B. Ehman with the intent then and there to deprive the said Carl B. Ehman of the value of the same and to appropriate the same to his own use and benefit."

It is appellant's contention that the indictment is insufficient in the absence of an averment that the lease assignment was of less value than implied in the alleged false representations relative to the amount of money appellant stated the oil company had offered him. In the same connection, appellant urges that at least it should have been averred in the indictment that the lease was not worth the amount that Ehman paid for it.

Article 1548 of the Penal Code reads as follows:
"It is not necessary in order to constitute the offense of swindling, that any benefit shall accrue to the person guilty of the fraud or deceit, nor that any injury shall result to the person intended to be defrauded, if it is sufficiently apparent that there was a wilful design to receive benefit or cause an injury."

In making application of this article the court held in Baxter

v. State, 105 S. W. 195, it was not necessary in an indictment charging that the accused secured a loan from a bank upon a false representation to allege that the note had never been paid. In referring to the article in question, it is said in 39 Texas Jurisprudence, 1087: "Since injury to the person intended to be defrauded is not an essential element of the offense * * *, it is not necessary to allege that the prosecuting witness has suffered loss by reason of the false representations complained of." See also La Moyne v. State, 111 S. W. 950, in which the court said: "The law concerns itself with two questions only: (a) Was the false pretense wilfully and knowingly made with respect to the property so fraudulently acquired? and (b) what was the value of the property acquired by the person making the false representations, the possession of which was lost by the person trusting to the untrue statements so made?"

In view of Article 1548, supra, and the construction given it by the court, we are constrained to overrule the contention of the appellant that the indictment is insufficient in the respect mentioned.

The oil and mineral lease which appellant assigned to the injured party is set out in the indictment in haec verba. The original lease was on record in the State of Louisiana in the parish where the property described in the lease was situated. Having alleged the assignment by its tenor, it was necessary that the proof conform thereto. Baker v. State, 14 Texas Cr. App. 338. The State undertook to discharge this burden by introducing in evidence a purported certified copy of the assignment. There was no certificate of the presiding judge of the parish in which the office of the clerk certifying to the lease was kept; nor of any other official or person that the attestation was in due form and by the proper officer. In short, the provisions of Section 688 of Title 28, U. S. C. A., or the Judicial Code of the United States, known as the "Full Faith and Credit Act," had not been complied with. This act reads as follows:

"All records and exemplifications of books, which may be kept in any public office of any State or Territory, or of any country subject to the jurisdiction of the United States, not pertaining to a court, shall be proved or admitted in any court or office in any other State or Territory, or in any such country, by the attestation of the keeper of the said records or books, and the seal of his office annexed, if there be a seal, together with a certificate of the presiding justice of the court of the county, parish, or district in which such office may be kept, or

of the governor, or secretary of state, the chancellor or keeper of the great seal of the State, or territory, or country, that the said attestation is in due form, and by the proper officers. * * * And the said records and exemplifications, so authenticated, shall have such faith and credit given to them in every court and office within the United States as they have by law or usage in the courts or offices of the State, Territory, or country, as aforesaid, from which they are taken. (R. S. Sec. 906)."

Appellant timely and properly objected to the copy of the assignment, and his objection was overruled. The opinion is expressed that the court fell into error. In Maunders v. Hanks, 278 S. W. 507, it is said:

"Before any certified copy of records from a foreign state can be offered in evidence, they must be authenticated as is required by article 906 of the United States Statutes, being paragraph 1520 of the United States Compiled Statutes of the West Publishing Company. Newson v. Langford (Tex. Civ. App.) 174 S. W. 1036; Milwaukee Gold Extraction Co. v. Gordon, 37 Mont. 209, 95 P. 995; Wilcox v. Bergman, 96 Minn. 219, 104 N. W. 955, 5 L. R. A. (N. S.) 938."

See, also, Burton v. State, 51 Texas Cr. R. 196.

A second purported copy of the assignment, which varies in some respects from the first copy, was introduced in evidence over appellant's objection. It had not been authenticated, as required by the federal statute which we quoted. Appellant properly objected to its introduction in evidence and was overruled.

Because of the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing in this case in which the holding on the question of the admissibility of the certified copy of an instrument alleged in the indictment is attacked.

We have considered the authorities cited and do not believe that they sustain the State's contention, but refrain from a

discussion of them because we believe that to do so would serve no valid purpose and would lengthen a discussion already sufficiently definite on the subject.

The writer also refrains from discussing the case further, but does feel that the State has difficulties greater than that treated in the original opinion. These have been considered by the court before the original opinion was approved, and we are doubtful if the evidence will sustain a conviction. While it is not necessary to so hold in the state of the record, it may be understood we do not mean to hold that the evidence as it appears in this appeal would be sufficient to sustain a conviction even with the copy admitted in evidence.

The motion for rehearing is overruled.